ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MATTHEW S. MELAMED (260272)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
willowr@rgrdlaw.com
mmelamed@rgrdlaw.com

MOTLEY RICE LLC
JAMES M. HUGHES (*pro hac vice*)
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | Master File No. 3:15-cv-00347-EMC |
| | CLASS ACTION |
| This Document Relates To:<br><br>   ALL ACTIONS. | LEAD PLAINTIFF'S CONDITIONAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT |
| | DATE:    March 24, 2016<br>TIME:    1:30 P.M.<br>CTRM:   5<br>JUDGE:  Hon. Edward M. Chen |

1117568_1

Lead Plaintiff KBC Asset Management NV ("Plaintiff") respectfully (and conditionally) requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of Exhibit 1 attached to the Declaration of Matthew S. Melamed in Support of Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Consolidated Class Action Complaint ("Melamed Declaration"), filed herewith.[1]

**I.     INTRODUCTION**

In the Motion to Dismiss Plaintiff's First Amended Complaint ("Mot." or "Motion") (Dkt. 72), Defendants contend that individual defendants Barbour and Arthur made Class Period purchases of LeapFrog stock, rendering "incoherent" any allegation that they acted with scienter. Mot. at 1; *see also id.* at 4, 21 (contending that scienter is undermined because Barbour and Arthur purchased LeapFrog stock in November 2014, shortly after LeapTV's launch). Defendants base the factual assertion of Barbour's and Arthur's purchases on U.S. Securities and Exchange Commission ("SEC") filings neither referenced by nor relied on in the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws. *See* Lead Plaintiff's Response to Declaration of Mark R.S. Foster in Support of Defendants' Motion to Dismiss First Amended Consolidated Class Action Complaint (filed herewith), §III.A. Plaintiff objects to judicial notice of the documents on which Defendants' argument is based and moves to strike all factual assertions and arguments derived from the exhibits. *Id.*

If the Court takes judicial notice of the extrinsic evidence on which Defendants base their factual assertions concerning Barbour's and Arthur's stock ownership and does not strike the assertions, Plaintiff respectfully requests that it also take judicial notice of Exhibit 1 to the Melamed Declaration, an article published on November 5, 2014, by *Seeking Alpha* entitled "LeapFrog Continues to Offer Rare and Compelling Value Into the Holidays," which meets the requirements for judicial notice.

---

[1]  Defendants are LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company"), John Barbour ("Barbour"), and Raymond L. Arthur ("Arthur"). LeapFrog, Barbour, and Arthur are referred to collectively herein as "Defendants."

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Evidence 201 permits judicial notice of matters of public record generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Under Rule 201, "[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time,'" but "'not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

### B. Exhibit 1 Is Offered for the Purpose of Demonstrating the Information in the Public Realm When Barbour and Arthur Purchased LeapFrog Stock

Plaintiff conditionally seeks judicial notice of Exhibit 1 for the purpose of "'indicat[ing] what was in the public realm at the time'" Barbour and Arthur made their Class Period purchases of LeapFrog stock. *Id.* Defendants contend that Barbour's and Arthur's Class Period purchases, which were made in November 2014, negate scienter. Mot. at 1, 4, 21. Plaintiff seeks notice of Exhibit 1 to demonstrate the information that was in the public realm just preceding Barbour's and Arthur's purchases; namely, criticism of LeapFrog's "poor corporate governance" that "might be explained by the fact that the company's managers don't appear to have any major incentive, conviction, or predisposition toward purchasing or holding shares in the company." Ex. 1 at 6. The article continues: "None of the company managers seem to be buying or holding sizable amounts of company stock relative to their compensation. If they believed in the long run success of the company as much as I do, they would probably be buying up shares of LF."[2] *Id.* at 7.

---

[2] Plaintiff also conditionally seeks judicial notice of Exhibit 20 to the Declaration of Mark R.S. Foster in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Consolidated Class Action Complaint (Dkt. No. 73) ("Foster Declaration"). That exhibit, which purports to be LeapFrog's Form DEF 14A, as filed with the SEC on April 21, 2014, purports to contain information concerning Defendants' total compensation. Foster Declaration, Ex. 20 at 36-52. The information further substantiates the contentions in the article attached as Exhibit 1 to the Melamed Declaration that Company managers were neither buying nor holding sizeable amounts of Company stock relative to their compensation.

The Court may take notice of the article under Rule 201. *Von Saher*, 592 F.3d at 960. And if the Court considers Defendants' factual assertions that Barbour's and Arthur's stock purchase undercut scienter (Mot. at 1, 4, 21), the article is relevant to determine whether the totality of the circumstances indicate that Defendants acted with scienter. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321-23 (2007) (in evaluating the competing inferences of scienter, the Court can consider matters of which it may take judicial notice).

### III.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that, if the Court takes judicial notice of the extrinsic evidence on which Defendants base their contentions concerning Barbour's and Arthur's purchases of LeapFrog stock in November 2014 and does not strike the factual assertions, it also takes judicial notice of Exhibit 1 to the Melamed Declaration and Exhibit 20 to the Foster Declaration.

DATED:  February 12, 2016

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MATTHEW S. MELAMED

s/ Matthew S. Melamed
MATTHEW S. MELAMED

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

MOTLEY RICE LLC
JAMES M. HUGHES
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

Co-Lead Counsel for Plaintiffs

1117568_1

LEAD PLTFF'S CONDITIONAL REQ FOR JUDICIAL NOTICE IN SUPPORT OF ITS MEM OF LAW IN OPPOSITION TO DEFS' MOTION TO DISMISS PLTFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT - 3:15-cv-00347-EMC - 3 -

CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 12, 2016.

s/ Matthew S. Melamed
MATTHEW S. MELAMED

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail: mmelamed@rgrdlaw.com

1117568_1

# Mailing Information for a Case 3:15-cv-00347-EMC In Re: LeapFrog Enterprise, Inc. Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Jordan Eth**
  jeth@mofo.com,gmartinez@mofo.com,jrahman@mofo.com

- **Mark R.S. Foster**
  mfoster@mofo.com,lroiz@mofo.com,kmaccardle@mofo.com,rbarajas@mofo.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,ptiffith@rgrdlaw.com,mmelamed@rgrdlaw.com,katerinap@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)