UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LEAPFROG ENTERPRISE, INC. SECURITIES LITITGATION, _____/ This Document Relates to: All Actions. | Case No. 15-cv-00347-EMC **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** Docket No. 90 |

On August 2, 2016, this Court dismissed Plaintiffs' claims with leave to amend. *See* Docket No. 88 ("Order"). Plaintiffs now ask the Court for leave to file a motion for reconsideration of the Order. *See* Docket No. 90 ("Motion"). Defendants LeapFrog Enterprises, Inc. ("LeapFrog"), John Barbour, and Raymond Arthur oppose Plaintiffs' Motion. *See* Docket No. 92.

The Court **DENIES** Plaintiffs' Motion.

A.   Legal Standard

Local Rule 7-9(a) requires a party to seek leave before filing a motion for reconsideration. The moving party must demonstrate that (1) a material difference in fact and law exists from that which was presented to the Court; (2) new law or material facts have emerged; or (3) the Court manifestly failed to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

A party may not repeat arguments already presented. Civ. L.R. 7-9(c). Furthermore, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (discussing Fed. R. Civ. Proc. 59(e)).

B.  Discussion

Reconsideration would not comport with "conservation of judicial resources." Plaintiffs' request for leave to file a motion for reconsideration appears to reach only the Court's findings on material falsity. *See* Mot. at 2. The motion does not seek reconsideration of the Court's finding that Plaintiffs failed to plead scienter with regard to the accounting allegations. Further, the Court dismissed with leave to amend non-accounting allegations. Plaintiffs have not suggested they will not file a Second Amended Complaint. When they do, there is little doubt defendants will again move to dismiss.

The issues Plaintiffs seek to revisit in the instant motion can be raised in the next round of briefing on the motion to dismiss the amended complaint. It is more effective to hear all issues on one motion rather than on a piecemeal basis. Upon the next amendment to the complaint, the Court advises the plaintiffs to address the defects noted in its Order even if it believes the Order did not apply the correct legal standard. Should the Court dismiss the next amended complaint, the Court will likely not permit a further amendment. Plaintiffs must give it their best shot.

For example, whether the Court credits Plaintiffs' legal argument made in the current motion (and which expectedly will be repeated in the next round), it notes that the First Amended Complaint ("FAC") does not contain specific allegations which explain why a one-quarter stock drop establishes LeapFrog's future cash flows would decrease, thus resulting in long-lived asset impairment. Nor does the FAC contain specific allegations why that drop was considered "sustained" under applicable accounting rules or case law, and was so significant that it required goodwill impairment even in the absence of most other impairment factors. If Plaintiffs continue to rely on stock price as the most significant factor requiring impairment, Plaintiffs should do their best to articulate the nexus between stock price and the other factors in the goodwill analysis, and between stock price and future cash flows in the long-lived asset analysis.

As another example, the allegations in the FAC does not sufficiently explain when LeapFrog learned of the information Plaintiffs contend should have affected its 2Q15 reporting.

Was such information obtained after the close of the quarter on September 30, 2014, but prior to the filing of that quarter's 10-Q? *See, e.g.*, FAC ¶ 141 (representing what Defendants knew on November 3, 2014). If so, should post-quarter information affect reporting for the closed quarter?

Finally, the Court recognizes that the bulk of its Order discussed material falsity. In the interests of streamlining future pleading, the Court cautions Plaintiffs that its focus on material falsity does not imply Plaintiffs successfully pled other elements. Plaintiffs must plead "allegations respecting <u>all</u> the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (emphasis added) (internal citations omitted).

This order disposes of Docket No. 90.

**IT IS SO ORDERED**.

Dated: August 31, 2016

_____
EDWARD M. CHEN
United States District Judge