ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MATTHEW S. MELAMED (260272)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
willowr@rgrdlaw.com
mmelamed@rgrdlaw.com

MOTLEY RICE LLC
JAMES M. HUGHES (*pro hac vice*)
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | ) Master File No. 3:15-cv-00347-EMC ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To: | ) [PROPOSED] STIPULATED PROTECTIVE ) ORDER |
| ALL ACTIONS. | ) ) ) |

1258335_1

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party may designate as "Confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving trade secrets or confidential business or financial information subject to protection under the Federal Rules of Civil Procedure or applicable state law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

3. A party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript excluding such material, to be paid for by the party requesting preparation of such separate transcript. Additionally, a party may designate in writing, within 21 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that the entire transcript or specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraphs 11-12 below. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "Confidential" in its entirety unless otherwise agreed by the parties. After the expiration of that period, the transcript shall be treated as Confidential only if it is so designated pursuant to this paragraph. After designation is made according to the procedure set forth in this Paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraphs 10-11 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. The parties shall request that any

transcript containing "Confidential" information shall be designated as such on the title page of the transcript.

4. The terms of this Order are applicable to information produced by a non-party in this action and designated as "Confidential." A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification of the documents or discovery materials the party believes are "Confidential" within 30 days after receiving such documents or discovery materials.

5. All information produced or exchanged in the course of this case (other than information that is publicly available) as well as: (i) any information copied or extracted from Confidential Information; (ii) all copies, excerpts, summaries, or compilations of Confidential Information; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that tends to reveal Confidential Information shall be subject to the protections conferred by this Order and used by the party or parties to whom the information is produced solely for the purposes of this litigation. The Confidential Information must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual defendants, class representative(s), lead plaintiff(s), or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (d) consultants, investigators, outside vendors or expert witnesses retained for the prosecution or defense of this litigation, or members of the purported class, provided that such person shall execute a copy of the Certification annexed to this Order (which shall be retained by

counsel to the party disclosing the Confidential Information to the consultant, expert witness or purported class members, and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

   (e) any authors or recipients of the Confidential Information;

   (f) the Court, Court personnel, and court reporters;

   (g) persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employers and subcontractors; and

   (h) witnesses (other than persons described in Paragraph 6(e)) who shall sign the Certification annexed to this Order before being shown a confidential document, unless otherwise agreed by the parties or ordered by the Court. "Confidential" information may, however, be disclosed to a witness in a deposition even if he or she does not sign the Certification. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 3 above. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential."

  7. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. Unless the Court requires some other method for applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed in accordance with Civil Local Rule 79-5.

  8. As to all documents and information filed under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted to eliminate Confidential Information from the public document. The public document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."

9.      Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not "Confidential" and need not be preserved under seal.

10.     If a party contends that any material is not entitled to confidential treatment, such party must give written notice to the party or non-party who designated the document or material as "Confidential." The objecting or challenging party shall identify the information or document(s) in question, and shall specify the reason or reasons for the objection. A party that elects to initiate a challenge to a confidentiality designation must also confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. Absent good cause, such as a large number of disputed documents for the parties to analyze, or unless the challenging party and the designating party otherwise agree: (i) the parties shall meet and confer in an effort to resolve their differences within 14 calendar days of the notification by the objecting party; (ii) the designating party shall, within 14 calendar days, review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation; and (iii) the conclusion of the meet and confer process shall occur no later than 28 calendar days after the challenging party has identified the contested documents to the designating party.

11.     If the parties cannot resolve their disagreement, the challenging party may contest the confidentiality designation by raising the issue with the Court in a joint discovery letter, pursuant to this Court's Civil Standing Order on Discovery. While any such application is pending, the documents or material subject to that application will remain Confidential Information until the Court rules.

12.     Nothing in this Order shall be construed as preventing any party from objecting to the designation of any document as Confidential Information or preventing any party from seeking further protection for any Confidential Information it produces in discovery. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.     If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the party must

immediately: (i) notify in writing the designating party of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Confidential Information; and (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely written notification of the designation, must make reasonable efforts to assure that the documents or material is treated in accordance with the provisions of this Order.

14. In the event that privileged or otherwise protected information is inadvertently produced, the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B).

15. Any non-party to this agreement from whom discovery is sought has the same rights under this agreement as a party to this agreement. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

16. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the party must so notify the designating party (by e-mail or fax if possible) immediately and in no event more than 3 court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order to issue is the subject of this Order. In addition, the party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

17. This Order shall apply for pretrial purposes only. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items

1 that are entitled under the applicable legal principles to treatment as confidential and only to
2 proceedings occurring before trial commences in this action. Any use of Confidential Information at
3 trial shall be governed by a separate agreement and/or order.

4     18.     All provisions of this Order restricting the communication or use of Confidential
5 Information shall continue to be binding after the conclusion of this action, unless otherwise agreed
6 or ordered. Upon conclusion of the litigation, *i.e.*, the final disposition of all issues and/or claims a
7 party in the possession of Confidential Information, other than that which is work product or
8 contained in the pleadings, correspondence and deposition transcripts, shall within 60 days either:
9 (a) return such document(s) to counsel for the party or non-party who provided such information; or
10 (b) destroy such document(s). Final disposition shall be deemed to be the later of: (i) dismissal of all
11 claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the
12 completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action,
13 including the time limits for filing any motions or applications for extension of time pursuant to
14 applicable law. The decision to comply with either (a) or (b) above is at the discretion of the
15 receiving party. The receiving party may also retain sufficient documentation to comply with
16 applicable ethics rules concerning the retention of client files.

17     19.     By stipulating to the entry of this Order no party waives any right it otherwise would
18 have to object to disclosing or producing any information or item on any ground not addressed in
19 this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of
20 the material covered by this Order.

21     IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

22 DATED: April 24, 2017                 ROBBINS GELLER RUDMAN
                                                                         &amp; DOWD LLP
23                                                    SHAWN A. WILLIAMS
                                                   WILLOW E. RADCLIFFE
24                                                    MATTHEW S. MELAMED

25

26                                                    s/ Willow E. Radcliffe
                                                   WILLOW E. RADCLIFFE
27

28

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

MOTLEY RICE LLC
JAMES M. HUGHES
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

Co-Lead Counsel for Plaintiffs

DATED: April 24, 2017

MORRISON & FOERSTER LLP
JORDAN ETH
MARK R.S. FOSTER
RYAN M. KEATS

<u>s/ Mark R.S. Foster</u>
MARK R.S. FOSTER

425 Market Street
San Francisco, CA 94105-2482
Telephone: 415/268-7000
415/268-7522 (fax)

Attorneys for Defendants

I, Willow E. Radcliffe, am the ECF User whose ID and password are being used to file this [Proposed] Stipulated Protective Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Mark R.S. Foster has concurred in this filing.

                                          s/ Willow E. Radcliffe
                                          WILLOW E. RADCLIFFE

\*   \*   \*

**O R D E R**

IT IS SO ORDERED.

DATED:     4/28/17

THE HONORABLE
UNITED STATES



IT IS SO ORDERED
Judge Edward M. Chen

# **EXHIBIT A**
# **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, in *In re LeapFrog Enterprises, Inc., Sec. Litig.*, Case No. 3:15-cv-00347-EMC (N.D. Cal.). I have been given a copy of that Order and read it. I am familiar with the terms of the Protective Order and I agree to be bound by such terms. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made there from – in a secure manner to prevent unauthorized access to it. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Protective Order.

DATED:_____        _____
                                    Name

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 24, 2017.

s/ Willow E. Radcliffe
WILLOW E. RADCLIFFE

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: willowr@rgrdlaw.com

# Mailing Information for a Case 3:15-cv-00347-EMC In Re: LeapFrog Enterprise, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Jordan Eth**
  jeth@mofo.com,gerri-martinez-2359@ecf.pacerpro.com,jordan-eth-3756@ecf.pacerpro.com,gmartinez@mofo.com,jrahman@mofo.com

- **Mark R.S. Foster**
  mfoster@mofo.com,lroiz@mofo.com,linda-roiz-3645@ecf.pacerpro.com,mark-rs-foster-7528@ecf.pacerpro.com,kmaccardle@mofo.com,rbarajas@mofo.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Matthew Seth Melamed**
  mmelamed@rgrdlaw.com,e_file_SF@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,ptiffith@rgrdlaw.com,mmelamed@rgrdlaw.com,katerinap@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`