**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

July 27, 2017

The Honorable Edward M. Chen
United States District Court Judge
San Francisco Courthouse, Courtroom 5, 17th Fl
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re LeapFrog Enterprises, Inc. Sec. Litig.*, No. 3:15-cv-00347-EMC (N.D. Cal.)

Dear Judge Chen:

Pursuant to this Court's Civil Standing Order on Discovery, the parties submit this joint letter. Counsel, with full authority on discovery matters, met in person on July 25, 2017, and lead trial counsel have concluded that no agreement can be reached. The issue in dispute and Defendants' offer of compromise is set forth below.

**Plaintiff's Position**: Defendants should be ordered to produce the pre-mediation discovery that they agreed was "reasonable" to "facilitate prompt mediation of this action." Dkt No. 127 (attached). Following the Court's February 24, 2017 Order upholding the sufficiency of the complaint's long-lived asset allegations, on April 6 the Court ordered the parties to mediation and "to agree on a focused pre-mediation discovery plan." Dkt. No. 123. On April 27, the parties filed their agreed plan. Plaintiff has complied with its discovery obligations. The mediation is scheduled for August 30 before the Honorable James Ware (Ret.) with submissions due on August 23.

On July 6, Plaintiff sent a letter requesting an update on the status of production. On July 19, Defendants indicated that they would not produce any further mediation discovery beyond the two documents that they had produced. Defendants' unilateral disregard for this Court's directive and refusal to honor their agreement should not be countenanced. Defendants never sought relief from the Court's orders. Rather, they told the Court on May 25 that "the parties . . . are currently in the process of gathering documents for production in accordance with the Joint Pre-Mediation Discovery Plan" (Dkt. No. 129) and told Plaintiff on the same day that their production would be substantially complete by July 25. On June 2, Defendants remained silent when they conferred with Plaintiff regarding custodians, including those listed on their initial disclosures from whom they now refuse to produce documents. On June 27, they indicated they would file a motion for leave for reconsideration based on their flawed interpretation of the effect of the Ninth Circuit's May 5 Order in *Align*, which they filed on July 5.[1] Not until July 19 did Defendants announce their self-determined exemption from their discovery obligations, including producing documents such as their written policies, correspondence with the SEC, and the basis for the Company's projected cash

---

[1] Plaintiff's response to the motion for leave is due August 3. Dkt. No. 133.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Edward M. Chen
July 27, 2017
Page 2

flows – all documents they already agreed to produce before mediation. As a result, Plaintiff immediately started this process.

Defendants assert that the PSLRA discovery stay was reinstated when they sought leave to file for reconsideration is no excuse for their disregard for this Court's directives and is unsupported by law. Regardless, there is no motion pending that challenges the sufficiency of the complaint. Defendants' motion for leave is a procedural one. *See, e.g.*, *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1239 (9th Cir. 2017) (the appeal of a denial for a motion for leave to file a motion for reconsideration does not concern the merits of the underlying order); *Morris v. Barra*, 651 F. App'x 625, 626 (9th Cir. 2016) (procedural ruling). Even if Defendants had leave to file for reconsideration, a reconsideration "motion does not . . . suspend [the] operation" of the Court's February 24 Order upholding the Complaint in part. Fed. R. Civ. P. 60(c)(2). Defendants' cases involve those where: (i) leave had already been granted to file for reconsideration and, unlike here; (ii) where Defendants requested a discovery stay; or (iii) where allegations had not already been upheld.

This Court has the power to order discovery, even in PSLRA cases where the sufficiency of the complaint remains unresolved. *See In re Worldcom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (plaintiffs would be "substantially prejudiced by the maintenance of the stay," in light of the scheduled settlement discussions, where defendants had already gathered the requested documents). Here, Defendants should have already gathered the agreed-upon documents that they told the Court over two months ago they were "in the process" of doing. Defendants should be ordered to produce discovery in compliance with the Joint Pre-Mediation Discovery Plan no later than August 3.

**Defendants' Position**:  The Reconsideration Motion Reinstated The Discovery Stay. Defendants filed their Motion in light of *City of Dearborn Heights Act 345 Police & Fire Retirement System v. Align Technology, Inc.*, 856 F.3d 605 (9th Cir. 2017). *Align* changed the law and is dispositive here. Pending reconsideration, the PSLRA stay is reinstated, as *Powers v. Eichen*, 961 F. Supp. 233, 234-36 (S.D. Cal. 1997) held, after analyzing the PSLRA's "plain language" and purpose. Judge Davilla reached the same conclusion: "the pending Motion for Reconsideration is akin to a Motion to Dismiss that warrants a stay on discovery per the" PSLRA. *In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, Dkt. 95 (N.D. Cal. Nov. 17, 2014). Plaintiff cites no contrary authority. Plaintiff's assertion that "no motion pending that challenges the sufficiency of the complaint" ignores the Motion's substance, and that the Motion is unresolved because Defendants agreed to give Plaintiff almost a month to respond because of purported scheduling conflicts. (Dkt. 132.) Reinstating the stay makes sense because a plaintiff is not allowed discovery to "uncover facts sufficient to satisfy the [PSLRA]'s pleading requirements." *SG Cowen Sec. Corp. v. U.S. Dist. Ct*, 189 F.3d 909, 912 (9th Cir. 1999). In the face of *Align*'s requirement to plead the "precise assumptions used," Plaintiff seeks to find the facts it did not plead in the event that the Court grants

1291606_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable Edward M. Chen
July 27, 2017
Page 3

the Motion and leave to amend.  Plaintiff faults Defendants for not seeking a protective order.  For good reason:  this Court's standing order requires this process.

<u>Even if the PSLRA stay had not been reinstated, Plaintiff's complaints are meritless</u>.  The Plan set out nine items for pre-mediation discovery of Defendants and third parties.  Documents responsive to 1, 2, 4, 5, 6, 7, and 9 have been produced.  Plaintiff received the reports prepared by Duff & Phelps (D&P), which conducted the long-lived asset testing that Defendants relied on.  D&P's impairment results were "PASS" and "FAIL" for Q3 and Q4, respectively, corresponding to LeapFrog's decisions not to impair as of Q3 and to impair as of Q4.  D&P's reports, produced to Plaintiff, include the methodology used, as well as LeapFrog's cash-flow projections through 2022.  Plaintiff received D&P's work papers and those from LeapFrog's independent auditors at PwC, which show PwC agreed that impairment was not required in Q3.  This material totals over 3,000 pages.  The only outstanding items—3 and 8 (essentially duplicative)—were *expressly subject to the parties' conferring*.  The parties discussed on June 2.  Defendants stated that, having completed their privilege review of PwC's documents, they were next collecting and reviewing Defendants' emails.  The parties did not discuss again before the Motion's filing.

<u>Compromise</u>.  In response to Plaintiff's purported need for more pre-mediation discovery to evaluate the merits and value of the case for mediation, Defendants offered Defendants' emails related to the long-lived asset issue on the condition that Plaintiff agree to not use them to amend the complaint in the event Defendants' Motion is resolved against Plaintiff.  That compromise would provide Plaintiff with about 300 additional documents, totaling around 3,000 pages, including email discussions about whether long-lived assets were impaired and the reasoning, as well as detailed budgets, operating plans, and projections.  Not satisfied with the reports and the backup materials already received and offered in compromise, Plaintiff seeks the backup for the backup.  Imposing that burden before mediation—in addition to being at odds with the reinstated PSLRA stay—would be disproportionate given:  (1) the Court's direction at the April 6 CMC for "targeted" discovery before mediation; (2) the procedural posture and the strengths of the defense (*see* Motion and conclusions of D&P and PwC); (3) the value of the case (small given the small stock drop and low market capitalization at issue); (5) the 15 pages produced by Plaintiff compared to the 6,000 pages produced and covered by Defendants' compromise; and (6) Plaintiff's failure to produce the one thing required of it:  "confirms for purchases of LeapFrog stock" during the class period.

      Respectfully submitted,

| s/ WILLOW E. RADCLIFFE | s/ JORDAN ETH |
|---|---|
| WILLOW E. RADCLIFFE | JORDAN ETH |
| ROBBINS GELLER RUDMAN & DOWD LLP | MORRISON & FOERSTER LLP |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

1291606_1

**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

<u>CERTIFICATE OF SERVICE AND ATTESTATION OF CONSENT</u>

I hereby certify that on July 27, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

In compliance with Civil Local Rule 5-1(i)(3), I hereby further attest that Jordan Eth has given me consent to sign the foregoing document on his behalf.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 27, 2017.

s/ WILLOW E. RADCLIFFE
WILLOW E. RADCLIFFE

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:willowr@rgrdlaw.com

1291606_1

## Mailing Information for a Case 3:15-cv-00347-EMC In Re: LeapFrog Enterprise, Inc. Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Jordan Eth**
  jeth@mofo.com,gerri-martinez-2359@ecf.pacerpro.com,jordan-eth-3756@ecf.pacerpro.com,gmartinez@mofo.com,jrahman@mofo.com

- **Mark R.S. Foster**
  mfoster@mofo.com,lroiz@mofo.com,linda-roiz-3645@ecf.pacerpro.com,mark-rs-foster-7528@ecf.pacerpro.com,kmaccardle@mofo.com,rbarajas@mofo.com

- **James Michael Hughes**
  jhughes@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Matthew Seth Melamed**
  mmelamed@rgrdlaw.com,e_file_SF@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,ptiffith@rgrdlaw.com,mmelamed@rgrdlaw.com,katerinap@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

JORDAN ETH (CA SBN 121617)
JEth@mofo.com
MARK R.S. FOSTER (CA SBN 223682)
MFoster@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
LEAPFROG ENTERPRISES, INC., JOHN BARBOUR, and
RAYMOND L. ARTHUR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | Case No. 3:15-CV-00347-EMC <br><br> **CLASS ACTION** <br><br> **JOINT PRE-MEDIATION DISCOVERY PLAN** |
| This Document Relates To: <br><br> ALL ACTIONS | |

JOINT PRE-MEDIATION DISCOVERY PLAN
Case No. 3:15-CV-00347-EMC
sf-3762117

Defendants LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company"), John Barbour, and Raymond L. Arthur (collectively with LeapFrog, "Defendants") and lead plaintiff KBC Asset Management NV ("KBC" or "Plaintiff" and together with Defendants, the "Parties") submit this Joint Pre-Mediation Discovery Plan pursuant to the Court's April 6, 2017 Civil Minutes. (Dkt No. 123.)

The Parties have conferred about the scope of reasonable, focused discovery that will facilitate prompt mediation of this action, and will continue to discuss the specifics of both the scope and timing of such discovery. The parties reserve all their rights to object to the production of documents or information on any ground, and nothing in this agreement prevents the request for or production of additional documents by the Parties or third-parties.

As a result of the Parties' discussions, KBC provided Defendants with a bank confirmation of its trades during the putative class period. KBC also agrees to endeavor to produce confirms for purchases of LeapFrog stock during the period of January 23, 2015 to June 11, 2015.

Defendants have agreed to produce the insurance agreements that may be relevant to this case. Defendants have also agreed to conduct a reasonable and targeted search under the circumstances and endeavor to produce on a rolling basis, or provide for inspection, documents responsive to the following categories and, where applicable, to cooperate with the production of responsive documents from third-parties. Defendants' agreement to conduct a reasonable search for documents does not mean that responsive documents exist; that they are in Defendants' possession, custody, or control; or that they are not otherwise protected from disclosure.

1. Duff & Phelps LLC's ("Duff & Phelps") valuation reports (including drafts thereof) relating to any long-lived asset and cash flow analyses of LeapFrog pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015;

2. Documents and assumptions provided to Duff & Phelps by LeapFrog relating to long-lived asset and cash flows analyses of LeapFrog pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015;

3. Communications between LeapFrog and Duff & Phelps, sent or received by

individuals that parties identify and agree upon in the meet and confer process, relating to long-lived asset and cash flow analyses of LeapFrog pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015;

4. Documents sufficient to show the scope of work for which Duff & Phelps was engaged on behalf of LeapFrog pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015;

5. PricewaterhouseCoopers LLP's work papers and, to the extent feasible, other documents relating to any long-lived asset or cash flow analyses of LeapFrog pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015;

6. Any written policies maintained by LeapFrog for the recording of long-lived assets for the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015, as well as documents sufficient to demonstrate whether such written policies were different from those used in the prior year;

7. LeapFrog's long-lived asset and cash flow analyses pertaining to the quarters ending December 31, 2014, and the fiscal year ending March 31, 2015;

8. Communications sent or received by key individuals associated with LeapFrog that the Parties identify and agree upon in the meet and confer process relating to (i) LeapFrog's long-lived asset or cash flow analysis pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015, and (ii) LeapFrog's May 18, 2015 press release; and

9. Any correspondence between LeapFrog and the U.S. Securities and Exchange Commission, other than publicly filed documents, related to LeapFrog's long-lived assets pertaining to the quarter ending December 31, 2014, and the fiscal year ending March 31, 2015.

Dated: April 27, 2017

JORDAN ETH
MARK R.S. FOSTER
RYAN M. KEATS
MORRISON & FOERSTER LLP

By:   */s/ Mark R.S. Foster*
      MARK R.S. FOSTER

Attorneys for Defendants
LEAPFROG ENTERPRISES, INC.,
JOHN BARBOUR, and RAYMOND L.
ARTHUR

DATED: April 27, 2017

ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MATTHEW S. MELAMED

By:   */s/ Matthew S. Melamed*
      MATTHEW S. MELAMED

POST MONTGOMERY CENTER
ONE MONTGOMERY STREET, SUITE 1800
SAN FRANCISCO, CA 94104
TELEPHONE: 415/288-4545
415/288-4534 (FAX)

MOTLEY RICE LLC
JAMES M. HUGHES
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY
28 BRIDGESIDE BLVD.
MOUNT PLEASANT, SC 29464
TELEPHONE: 843/216-9000
843/216-9450 (FAX)

CO-LEAD COUNSEL FOR PLAINTIFFS

JOINT PRE-MEDIATION DISCOVERY PLAN
Case No. 3:15-CV-00347-EMC
sf-3762117

3

| | |
|---|---|
| 1 | **ECF ATTESTATION** |
| 2 | I, Mark R.S. Foster am the ECF User whose ID and Password are being used to file this |
| 3 | **JOINT PRE-MEDIATION DISCOVERY PLAN.** In compliance with Civil Local Rule 5- |
| 4 | 1(i)(3), I hereby attest that Matthew Melamed has concurred in this filing. |

Dated: April 27, 2017            MORRISON & FOERSTER LLP

By:   */s/ Mark R.S. Foster*
        MARK R.S. FOSTER