UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LEAPFROG ENTERPRISE, INC. SECURITIES LITIGATION, _____ / This Document Relates to: All Actions. | Case No. 15-cv-00347-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 131 |

Currently pending before the Court is Defendants' motion for leave to file a motion for reconsideration. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** Defendants' motion.

According to Defendants, they should be given leave to file a motion to reconsider because "a material difference in . . . law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Civ. L.R. 7-9(b)(1). More specifically, Defendants point to the Ninth Circuit's recent opinion in *City of Dearborn Heights Act 345 Police & Fire Retirement System v. Align Technology, Inc.*, 856 F.3d 605 (9th Cir. 2017).

*Align*, however, is not – as Defendants claim – a change in the controlling law. Rather, *Align* simply confirms that *Omnicare, Inc. v. Laborers District Council Construction Industrial Pension Fund*, 135 S. Ct. 1318 (2015), is the governing law. The Court acknowledges that, in *Align*, the Ninth Circuit stated the following: "[T]o the extent our current standard permits plaintiffs to plead falsity by alleging that 'there is no reasonable basis for the belief' under the material misrepresentation theory of liability, it is 'clearly irreconcilable' with *Omnicare*, and is therefore overruled.'" *Align*, 856 F.3d at 616. But that is just a statement confirming the law under *Omnicare*. And even if *Align* could be considered something more, it simply means that,

1 for a material misrepresentation theory of liability, a plaintiff must plead not just objective falsity
2 but also subjective falsity, and that is what Lead Plaintiff did in the instant case. *See, e.g.*, Docket
3 No. 117 (Order at 12-16) (discussing scienter and falsity for claims related to the long-lived asset
4 impairment).

To the extent Defendants argue that "*Align* changed the law in the way it applied the new pleading standard," Mot. at 4, the Court is still not persuaded. Nothing in *Align* makes a blanket ruling that, in a securities fraud case related to accounting impairment, a plaintiff must make allegations about the assumptions that the defendants used in the accounting analysis in order to survive a motion to dismiss. Rather, it was the specific situation in *Align* that made allegations about such assumptions important.

In any event, even affording reconsideration on the merits, the Court finds that *Align* is materially distinguishable from the instant case. In *Align*, the Ninth Circuit concluded that the channel stuffing of the acquired company was not obvious to the management of the acquiring company, especially because the channel stuffing concerned the acquired company and predated the acquisition. Here, Lead Plaintiff has made a plausible claim of obviousness – *i.e.*, that Leapfrog management kept track of Leapfrog stock increases and decreases and thus undoubtedly knew about the steep stock decline in 3Q, a key factor informing the long-lived asset analysis (at least as claimed by Defendants by the time of 4Q). Also, in *Align*, missing allegations about the assumptions the defendants used in conducting their goodwill analysis were crucial because not only were there negative factors suggesting impairment, but also there were positive and mitigating factors suggesting the opposite. In the instant case, there are no clear positive and mitigating factors with respect to long lived assets – at least none identified by the parties. This stands in contrast to goodwill analysis upon which this Court ruled where there were positive and mitigating factors (*i.e.*, the upcoming holiday season) leading this Court to find there was no viable claim for securities fraud with respect thereto.

///
///
///

2

Accordingly, Defendants' motion – whether construed as a motion for leave or a motion to reconsider – is denied.

This order disposes of Docket No. 131.

**IT IS SO ORDERED**.

Dated: August 10, 2017

_____
EDWARD M. CHEN
United States District Judge