# EXHIBIT 1

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
3  MATTHEW S. MELAMED (260272)
   Post Montgomery Center
4  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
5  Telephone:  415/288-4545
   415/288-4534 (fax)
6  shawnw@rgrdlaw.com
   willowr@rgrdlaw.com
7  mmelamed@rgrdlaw.com
        – and –
8  ELLEN GUSIKOFF STEWART (144892)      MOTLEY RICE LLC
   655 West Broadway, Suite 1900         JAMES M. HUGHES (*pro hac vice*)
9  San Diego, CA  92101-8498             WILLIAM S. NORTON
   Telephone:  619/231-1058              CHRISTOPHER F. MORIARTY (*pro hac vice*)
10 619/231-7423 (fax)                    28 Bridgeside Blvd.
   elleng@rgrdlaw.com                    Mount Pleasant, SC  29464
11                                       Telephone:  843/216-9000
                                         843/216-9450 (fax)
12                                       jhughes@motleyrice.com
                                         bnorton@motleyrice.com
13                                       cmoriarty@motleyrice.com

14 Co-Lead Counsel for Plaintiffs

15                  UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17 In re LEAPFROG ENTERPRISES, INC.    )   Master File No. 3:15-cv-00347-EMC
   SECURITIES LITIGATION               )
18 _____    )   CLASS ACTION
                                       )
19 This Document Relates To:           )   STIPULATION OF SETTLEMENT
                                       )
20     ALL ACTIONS.                    )
                                       )
21 _____    )

22

23

24

25

26

27

28

1337754_4

1    This Stipulation of Settlement (the "Stipulation") is made and entered into by and between

2  Lead Plaintiff KBC Asset Management NV ("KBC"), on behalf of itself and the proposed Settlement

3  Class (defined below), on the one hand, by and through its counsel of record in the Action (as

4  defined herein), and Defendants LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company"), John

5  Barbour and Raymond L. Arthur (collectively, "Defendants") on the other hand, by and through their

6  counsel of record in the Action.

7    All words or terms used herein that are capitalized shall have the meaning ascribed to those

8  words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

9  **I.    THE LITIGATION**

10    This is a consolidated securities class action brought against Defendants by Lead Plaintiff

11  individually and on behalf of all persons or entities who purchased or otherwise acquired LeapFrog

12  common stock between May 5, 2014 and June 11, 2015, inclusive (the "Class Period").

13    On January 23, 2015, the initial complaint in *Newett v. LeapFrog Enterprises, Inc., et al.*, No.

14  3:15-cv-00347-EMC, was filed in the United States District Court for the Northern District of

15  California (the "Court").  ECF No. 1.  Two related actions were filed on February 2, 2015.  On

16  March 24, 2015, motions to consolidate the related actions, to appoint a lead plaintiff, and to approve

17  the proposed lead plaintiffs' selection of counsel were filed by four separate movants.

18    On May 5, 2015, the Court issued an order consolidating the actions, appointing KBC as lead

19  plaintiff, and approving its selection of Motley Rice LLC and Robbins Geller Rudman & Dowd LLP

20  as co-lead counsel.  ECF No. 43.

21    Lead Plaintiff filed the Corrected Consolidated Class Action Complaint for Violation of the

22  Federal Securities Laws ("CAC") on July 10, 2015, alleging violations of §§10(b) and 20(a) of the

23  Securities Exchange Act of 1934 ("1934 Act").  ECF No. 52.

24    On July 24, 2015, each of the Defendants moved to dismiss the CAC and filed a Request for

25  Judicial Notice.  ECF Nos. 53-55.  Lead Plaintiff filed its responses on August 25, 2015.  ECF Nos.

26  56-59.  The Court heard oral argument on the motion to dismiss on October 8, 2015.  Lead Plaintiff

27  filed its First Amended Consolidated Class Action Complaint for Violation of the Federal Securities

28  Laws (the "FAC") on December 4, 2015.  ECF No. 70.

1    Defendants moved to dismiss the FAC on January 15, 2016 (ECF Nos. 72-74), and Lead

2    Plaintiff filed its opposition on February 12, 2016 (ECF Nos. 75-78).  Defendants filed their reply on

3    March 11, 2016 (ECF Nos. 80-81), and the Court heard oral argument on the motion on April 11,

4    2016.  On August 2, 2016, the Court dismissed the FAC ("August 2 Order").  ECF No. 88.

5         Lead Plaintiff moved for leave to file a motion for reconsideration of the Court's August 2

6    Order with respect to Lead Plaintiff's goodwill and long-lived asset allegations.  ECF No. 90.  The

7    Court denied the motion on August 31, 2016.  ECF No. 93.

8         On September 20, 2016, Lead Plaintiff filed the Second Amended Consolidated Class Action

9    Complaint for Violation of the Securities Laws (the "SAC").  ECF No. 97.  Defendants moved to

10   dismiss the SAC on November 4, 2016 (ECF Nos. 100-102), and Lead Plaintiff filed its opposition

11   on December 19, 2016 (ECF Nos. 103-106).  The motion was fully briefed by January 19, 2017, and

12   on February 24, 2017, the Court issued an order granting in part and dismissing in part the motion

13   ("February 24 Order").  ECF No. 117.

14        On April 6, 2017, the Court referred the case to private mediation and ordered the parties to

15   meet and confer on a focused pre-mediation discovery plan to be submitted to the Court.  ECF No.

16   123.  The parties submitted their Joint Pre-Mediation Discovery Plan to the Court on April 27, 2017.

17   ECF No. 127.

18        On July 5, 2017, Defendants moved for leave to file a motion for reconsideration of the

19   Court's February 24 Order granting in part and denying in part their motion to dismiss the SAC.

20   ECF No. 131.  The Court denied Defendants' motion for leave to seek reconsideration by order

21   dated August 10, 2017.  ECF No. 137.

22        On July 27, 2017, the parties filed a joint discovery letter in which Lead Plaintiff sought an

23   order compelling the production of documents pursuant to the Joint Pre-Mediation Discovery Plan.

24   ECF No. 134.  The Court issued an Order stating that the Private Securities Litigation Reform Act of

25   1995 ("PSLRA") discovery stay was not in effect and ordered the parties to confer regarding the

26   scope of production of documents.  ECF No. 135.

27        On August 30, 2017, the parties attended a full-day mediation with the Hon. James Ware

28   (Ret.).  The parties negotiated in good faith but did not reach an agreement, and litigation continued.

1    Lead Plaintiff filed its motion for class certification on November 7, 2017.  ECF Nos. 158-

2  160.  On November 29, 2017, the parties participated in a subsequent mediation before Judge Ware.

3  After extensive negotiations, the parties reached an agreement-in-principle to settle the case on the

4  terms set forth herein.

5  **II.    LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT**

6    Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the

7  claims, defenses, and underlying events and transactions that are the subject of the Action.  This

8  process included reviewing and analyzing:  (i) documents filed publicly by the Company with the

9  U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including

10  press releases, news articles, and other public statements issued by or concerning Defendants; (iii)

11  research reports issued by financial analysts concerning the Company; (iv) approximately 15,000

12  pages of documents produced by Defendants and third parties; and (v) the applicable law governing

13  the claims and potential defenses.  Lead Counsel also consulted with experts on damages and market

14  efficiency issues.

15    Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence

16  developed to date supports the claims asserted.  However, Lead Plaintiff and Lead Counsel

17  recognize and acknowledge the expense and length of continued proceedings necessary to prosecute

18  the Action through class certification, discovery, summary judgment, and trial (and any possible

19  appeals).  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and

20  the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties

21  and delays inherent in such litigation.  For example, the Court to date has only upheld Lead

22  Plaintiff's allegations with respect to LeapFrog's long-lived assets.  Lead Counsel also are mindful

23  of the inherent problems of proof and the possible defenses to the claims alleged in the Action.

24  Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in

25  this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best

26  interests of the Settlement Class.

27    As set forth in ¶¶12.1-12.3 below, and pursuant to the Federal Rules of Evidence, this

28  Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the

terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession by Lead Plaintiff, any Settlement Class Member, or Lead Counsel that any of the claims lack merit, that any of the Defendants' defenses to the claims have merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount.

## III.    DEFENDANTS' DENIALS OF LIABILITY

The Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made by Lead Plaintiff in the Action. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws, or have otherwise misled investors as alleged in the Action.  Each Defendant has denied and continues to deny specifically each and all of the claims alleged in the Action; all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action; the allegations that any of the Defendants made any material misstatements or omissions; and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action.  In addition, the Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

Nonetheless, the Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting.  The Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action.  The Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth in ¶¶12.1-12.3 below, and pursuant to the Federal Rules of Evidence, this Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or

damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.

NOW THEREFORE, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation ("Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

**1.    Definitions**

As used in this Stipulation, the following terms shall have the meanings set forth below. Prior to the Effective Date, in the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the Settlement set forth in this Stipulation, the definition set forth below shall control.  Following the Effective Date, in the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the Settlement, the definition set forth in the Judgment shall control.

1.1    "Action" means the civil action captioned *In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (N.D. Cal.), pending in the United States District Court for the Northern District of California before the Honorable Edward M. Chen.

1.2    "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate the Settlement by reason of such variance.

1.3    "Authorized Claimant" means a Settlement Class Member whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation.

1.4    "Claims Administrator" means the firm of Gilardi & Co. LLC.  Defendants shall have no involvement in the retention of the Claims Administrator or any other claims administrator.

1      1.5     "Class Period" means the period from May 5, 2014 through June 11, 2015, inclusive.

2      1.6     "Defendants" means LeapFrog, John Barbour and Raymond L. Arthur.

3      1.7     "Defendants' Counsel" means the law firm of Morrison & Foerster LLP.

4      1.8     "Effective Date" means the date upon which the Settlement shall have become

5  effective, as set forth in ¶10.1 below.

6      1.9     "Escrow Account" means the separate escrow account designated and controlled by

7  Lead Counsel into which the Settlement Amount will be deposited for the benefit of the Settlement

8  Class.

9      1.10    "Escrow Agent" means Lead Counsel.

10     1.11    "Fee and Expense Application" means Lead Counsel's application for an award of

11  attorneys' fees and payment of litigation expenses, including any expenses to Lead Plaintiff pursuant

12  to 15 U.S.C. §78u-4(a)(4) of the PSLRA.

13     1.12    "Final" means, with respect to any order of court, including, without limitation, the

14  Judgment, that such order represents a final and binding determination of all issues within its scope

15  and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes

16  "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has

17  expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the

18  prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been

19  affirmed in all material respects and the prescribed time, if any, for commencing any further appeal

20  has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or

21  amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of

22  right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding

23  involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any

24  appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation,

25  or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time

26  set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the

27  Judgment or Alternative Judgment from becoming Final.

28     1.13    "Individual Defendants" means John Barbour and Raymond L. Arthur.

1.14    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.15    "Lead Counsel" means Motley Rice LLC and Robbins Geller Rudman & Dowd LLP.

1.16    "Lead Plaintiff" means KBC Asset Management NV.

1.17    "Mediator" means the Hon. James Ware (Ret.).

1.18    "Net Settlement Fund" means the Settlement Fund less:  (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

1.19    "Notice" means the Notice of Proposed Settlement of Class Action to be sent to Settlement Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

1.20    "Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Claims Administrator and/or the Escrow Agent in connection with providing notice to the Settlement Class and the administration of the Settlement, including, but not limited to:  (i) providing notice of the Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.21    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.22    "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.23    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

1      1.24    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for

2 submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

3      1.25    "Released Claims" means any and all claims, rights, liabilities, and causes of action

4 of every nature and description, including both known claims and Unknown Claims, whether

5 contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or

6 unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal

7 or equitable theory, that Lead Plaintiff or any other member(s) of the Settlement Class asserted or

8 could have asserted in any forum that: (i) arise out of, are based upon, or are related in any way

9 directly or indirectly, in whole or in part, to the allegations, transactions, facts, events, matters,

10 occurrences, disclosures, statements, representations, or omissions referred to in the Action and that

11 relate to the purchase, sale, acquisition, or ownership of LeapFrog common stock by the Settlement

12 Class during the Class Period; or (ii) are related to the administration of the Settlement.  The Parties

13 intend that the releases provided hereunder provide for claim and issue preclusion.  For the

14 avoidance of doubt, Released Claims include any claims under Sections 10(b) and 20(a) of the 1934

15 Act, which were or could have been alleged in the Action.  Notwithstanding the foregoing,

16 "Released Claims" does not include claims (i) relating to the enforcement of the Settlement; or (ii)

17 which were or could be asserted on behalf of LeapFrog in any derivative action based on similar

18 allegations.

19      1.26    "Released Defendant Parties" means each and all of: (i) Defendants, the members of

20 each Individual Defendant's immediate family, any entity in which any Defendant or member of any

21 Individual Defendant's immediate family has, or had during the Class Period, a controlling interest

22 (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is

23 for the benefit of any Individual Defendant and/or members of his family, Defendants' Counsel, and

24 Defendants' insurers, co-insurers, and re-insurers; and (ii) for each and every Person listed in part (i),

25 each of their respective past, present, and future heirs, executors, administrators, predecessors,

26 successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers,

27 commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic

28 partners, financial advisors, general or limited partners, general or limited partnerships, insurers,

1  investment advisors, investment bankers, investment banks, joint ventures and joint venturers,

2  managers, managing directors, marital communities, members, officers, parents, personal or legal

3  representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries

4  (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective

5  capacities as such.

6      1.27    "Released Defendants' Claims" means all claims and causes of action of every nature

7  and description, including both known claims and Unknown Claims (as defined below), whether

8  arising under federal, state, common or foreign law, or any other law, that Defendants could have

9  asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the

10  institution, prosecution, or settlement of the claims in the Action, except for claims relating to the

11  enforcement of the Settlement.

12      1.28    "Released Parties" means the Released Defendant Parties and the Released Plaintiff

13  Parties.

14      1.29    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead

15  Plaintiff, Lead Counsel, and each of their respective past or present trustees, officers, directors,

16  partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors,

17  assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited

18  liability companies; and the spouses, members of the immediate families, representatives, and heirs

19  of any Released Plaintiff Party who is an individual, as well as any trust of which any Released

20  Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.

21  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from

22  the Settlement Class.

23      1.30    "Settlement" means the resolution of the Action in accordance with the terms and

24  provisions of the Stipulation.

25      1.31    "Settlement Amount" means five million, five hundred thousand U.S. dollars

26  ($5,500,000) in cash.

27      1.32    "Settlement Class" or "Settlement Class Member" mean all Persons that purchased or

28  acquired LeapFrog common stock between May 5, 2014 and June 11, 2015, inclusive.  Excluded

1    from the Settlement Class are:  (i) Defendants; (ii) members of the immediate families of the

2    Individual Defendants; (iii) LeapFrog's subsidiaries; (iv) the officers and directors of LeapFrog

3    during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the

4    legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also

5    excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from

6    the Settlement Class.

7         1.33    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

8         1.34    "Settlement Hearing" means the hearing to be held by the Court to determine whether

9    (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of

10   Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request

11   for an award of attorneys' fees and expenses should be approved.

12        1.35    "Stipulation" means this Stipulation of Settlement.

13        1.36    "Summary Notice" means the Summary Notice for publication, which shall be

14   substantially in the form attached hereto as Exhibit A-3.

15        1.37    "Taxes" means all (i) federal, state, or local taxes of any kind on any income earned

16   by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the

17   Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax

18   attorneys and accountants); (ii) any taxes or tax detriments that may be imposed upon the Defendants

19   or their counsel with respect to any income earned by the Settlement Fund for any period during

20   which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state

21   income tax purposes; and (iii) the reasonable and necessary costs and expenses incurred in

22   connection with determining the amount of, and paying, any taxes owed by the Net Settlement Fund.

23        1.38    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any

24   other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time

25   of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that

26   any Defendant does not know or suspect to exist in his or its favor, which if known by him or it,

27   might have affected his or its decision to enter into this Settlement, execute this Stipulation, and

28   agree to all the various releases set forth herein, or might have affected his or its decision not to

object to this Settlement or not exclude himself or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

## 2. Scope and Effect of Settlement

2.1     The obligations incurred pursuant to the Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

2.2     For the sole purpose of this Settlement only and for no other purpose, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1.32; (ii) the appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Lead Plaintiff, with the consent of Defendants, shall apply to the Court for entry of the Preliminary Approval Order, in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment

1   contemplated by this Stipulation becomes Final and the Effective Date occurs.  Nothing in this

2   Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for

3   certification of a class other than for settlement purposes, and the Parties intend that the provisions

4   herein concerning certification of the Settlement Class shall have no effect whatsoever in the event

5   the Settlement and Judgment do not become Final.  Defendants expressly reserve the right to contest

6   class certification in the event the Settlement is terminated or the Effective Date does not occur for

7   any other reason.

8          2.3     By operation of the Judgment or Alternative Judgment, as of the Effective Date,

9   Lead Plaintiff and each and every other Settlement Class Member, regardless of whether each ever

10   seeks or obtains by any means any distribution from the Net Settlement Fund, on behalf of

11   themselves and each of their respective spouses, heirs, executors, beneficiaries, trustees,

12   administrators, predecessors, successors, and assigns, and any Person(s) claiming now or in the

13   future to be acting on behalf of any of them directly or indirectly:  (i) shall be deemed by this

14   Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and

15   forever waived, released, relinquished, discharged, and dismissed each and all of the Released

16   Claims (including Unknown Claims) against each and all of the Released Defendant Parties, and

17   shall have covenanted not to sue any Released Defendant Parties with respect to any Released

18   Claims except to enforce the releases and other terms and conditions in this Stipulation or the

19   Judgment entered pursuant hereto; and (ii) shall forever be permanently barred, restrained, and

20   enjoined from commencing, instituting, asserting, prosecuting, maintaining, or otherwise pursuing,

21   either directly or in any other capacity, any and all of the Released Claims (including Unknown

22   Claims) against any and all of the Released Defendant Parties in the Action or in any other action or

23   any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal,

24   administrative forum or other forum of any kind.  The foregoing provisions in this paragraph shall

25   not apply to any Person who would be a member of the Settlement Class and timely excludes

26   himself, herself or itself.

27          2.4     By operation of the Judgment or Alternative Judgment, as of the Effective Date, the

28   Released Defendant Parties, on behalf of themselves and each of their respective spouses, heirs,

1   executors, beneficiaries, trustees, administrators, predecessors, successors, and assigns, and any

2   Person(s) claiming now or in the future to be acting on behalf of any of them directly or indirectly:

3   (i) shall be deemed by this Settlement to have, and by operation of law and the Judgment shall have,

4   fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and all of

5   the Released Defendants' Claims (including Unknown Claims) against each and every one of the

6   Released Plaintiff Parties; and (ii) shall forever be permanently barred, restrained, and enjoined from

7   commencing, instituting, asserting, prosecuting, maintaining, or otherwise pursuing, either directly

8   or in any other capacity, any and all of the Released Defendants' Claims (including Unknown

9   Claims) against any and all of the Released Plaintiff Parties in the Action or in any other action or

10  any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal,

11  administrative forum or other forum of any kind.

12       2.5    It is understood that Lead Plaintiff and the other Settlement Class Members or

13  Defendants, or any of them, may hereafter discover additional or different facts from those that he,

14  she, or it now knows or believes to be true with respect to the subject matter of the Released Claims

15  or Released Defendants' Claims, but Lead Plaintiff and Defendants shall, upon the Effective Date,

16  expressly fully, finally and forever discharge, settle and release any and all Released Defendants'

17  Claims, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and

18  by operation of law and of the Judgment shall have, expressly fully, finally, and forever discharged,

19  settled and released any and all Released Claims.  Lead Plaintiff and Defendants acknowledge, and

20  the Settlement Class Members by operation of law and of the Judgment shall be deemed to have

21  acknowledged, that the foregoing waiver of Released Claims and Released Defendants' Claims that

22  are Unknown Claims (and the inclusion of "Unknown Claims" in the definition of Released Claims

23  and Released Defendants' Claims) was separately bargained for and is a material element of the

24  Settlement.

25       **3.      The Settlement Consideration**

26       3.1    In full settlement of the claims asserted in the Action against Defendants and in

27  consideration of the releases specified in ¶¶2.3 and 2.4, above, all of which the Parties agree are

28  good and valuable consideration, LeapFrog shall pay or cause to be paid the Settlement Amount into

1    the Escrow Account within fifteen (15) business days after both: (i) entry of the Preliminary

2    Approval Order; and (ii) Lead Counsel provides to Defendants' Counsel information necessary to

3    effectuate a transfer of funds to the Escrow Account, including, but not limited to, wire transfer

4    instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that

5    reflects a valid tax identification number.  If the Settlement Amount is not timely paid, the unpaid

6    balance shall earn interest at the rate of 8% per annum until paid.

7         3.2    With the sole exceptions of LeapFrog's obligation to secure payment of the

8    Settlement Amount into the Escrow Account as provided for in ¶3.1 and LeapFrog's obligation

9    pursuant to ¶8.3, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or

10   liability or obligation whatsoever, to anyone, with respect to the Settlement Fund, the Net Settlement

11   Fund, the Escrow Account, the Claims Administrator, the Claims Administrator's actions, any

12   transaction executed or approved by the Escrow Agent, the maintenance, administration, investment

13   or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or

14   administration of the Plan of Allocation, the determination, administration or calculation of claims,

15   the payment or withholding of Taxes, expenses, and/or costs incurred in connection with the taxation

16   of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of

17   any federal, state, or local returns, the administration of the Settlement, or any losses incurred in

18   connection with such matters.  The Released Defendant Parties shall have no further or other liability

19   or obligations to Lead Plaintiff, Lead Counsel, or any Settlement Class Member with respect to the

20   Released Claims, except as expressly stated herein.  Notwithstanding anything herein to the contrary,

21   the Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants all funds

22   necessary to pay all Notice and Administration Expenses, Taxes, and all other fees, costs and

23   expenses associated with administration of the Settlement and the Settlement Fund; neither the

24   Defendants nor their counsel nor any other Released Defendant Party is responsible therefor, nor

25   shall they have any liability whatsoever with respect thereto, above and beyond the Defendants'

26   obligation to pay the Settlement Amount into the Escrow Account as set forth above.  The

27   Settlement Fund shall indemnify and hold harmless all Released Defendant Parties for any costs of

28

1    administration of the Settlement and the Settlement Fund of any kind whatsoever (including, without

2    limitation, costs associated with any such indemnification).

3           3.3      Other than the obligation of Defendants to cause the payment of the Settlement

4    Amount pursuant to ¶3.1, Defendants shall have no obligation to make any other payments into the

5    Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

6           **4.      Use and Tax Treatment of Settlement Fund**

7           4.1      Prior to any distribution of the Net Settlement Fund, the Settlement Fund shall be

8    used:  (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any

9    attorneys' fees and expenses awarded by the Court; (iv) to pay any costs and expenses allowed by

10   the PSLRA and awarded to Lead Plaintiff by the Court; and (v) to pay any other fees and expenses

11   awarded by the Court.

12          4.2      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in

13   ¶¶7.1-7.13 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the

14   Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to

15   be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time

16   as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or

17   further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in

18   instruments backed by the full faith and credit of the United States Government (or a mutual fund

19   invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except

20   that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance

21   Corporation ("FDIC") may be deposited into any account that is fully insured by the FDIC in

22   amounts that are up to the limit of FDIC insurance.  In the event that the yield on United States

23   Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds

24   held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or

25   backed by the full faith and credit of the United States.

26          4.3      The Escrow Agent will bear all responsibility for managing the Settlement Fund for

27   the benefit of the Settlement Class.  Defendants and Defendants' Counsel shall have no

28   responsibility for, interest in, or liability whatsoever with respect to investment decisions executed

1   by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne

2   solely by the Settlement Fund.

3         4.4       After the Settlement Amount has been paid into the Escrow Account, the Parties

4   agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg.

5   §1.468B-1.  In addition, Lead Counsel shall timely make, or cause to be made, such elections as

6   necessary or advisable to carry out the provisions of this ¶4.4, including the "relation-back election"

7   (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be

8   made in compliance with the procedures and requirements contained in such regulations.  It shall be

9   the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be

10  prepared and delivered, the necessary documentation for signature by all necessary parties, and

11  thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s)

12  to occur.  Consistent with the foregoing:

13        (a)       For the purposes of Section 468B of the Internal Revenue Code of 1986, as

14  amended, and Treas. Reg. §1.468B promulgated thereunder, the "administrator" shall be Lead

15  Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state,

16  or local tax returns and information returns (together, "Tax Returns") necessary or advisable with

17  respect to the earnings on the funds deposited in the Escrow Account (including, without limitation,

18  the returns described in Treas. Reg. §1.468B-2(k)).  Such Tax Returns (as well as the election

19  described above) shall be consistent with this subparagraph and in all events shall reflect that all

20  Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds

21  deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of

22  this ¶4.4.

23        (b)       All Taxes shall be paid out of the Settlement Fund.  In all events, Defendants

24  and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the

25  filing of any tax return or other document with the Internal Revenue Service or any other state or

26  local taxing authority.  In the event any Taxes are owed by any of the Defendants on any earnings on

27  the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement

28

1    Fund.  Any Taxes or Tax expenses owed on any earnings on the Settlement Amount prior to its

2    transfer to the Escrow Account shall be the sole responsibility of the entities that make the deposit.

3         (c)      Taxes shall be treated as, and considered to be, a cost of administration of the

4    Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement

5    Fund without prior order from the Court or approval by Defendants, and Lead Counsel shall be

6    obligated (notwithstanding anything herein to the contrary) to withhold from distribution to

7    Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be

8    required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Parties agree to cooperate with

9    Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary

10   to carry out the provisions of this ¶4.4.

11        4.5      This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or

12   any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the

13   return of the Settlement Fund or any portion thereof for any reason.

14   **5.       Attorneys' Fees and Expenses**

15        5.1      Lead Counsel may apply to the Court for an award from the Settlement Fund of

16   attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any

17   earnings on such amounts at the same rate and for the same periods as earned by the Settlement

18   Fund.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

19        5.2      The amount of attorneys' fees and expenses awarded by the Court is within the sole

20   discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from

21   the Settlement Fund to Lead Counsel within one (1) business day after entry of the Order awarding

22   such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections

23   thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded

24   fees and expenses, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-

25   awarded attorneys' fees and expenses among Lead Plaintiff's counsel.

26        5.3      Any payment of attorneys' fees and expenses pursuant to ¶¶5.1-5.2 above shall be

27   subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any

28   paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the

1 | Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any
2 | reason, or if, as a result of any appeal or further proceedings on remand or successful collateral
3 | attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable
4 | court order.  Lead Counsel shall make the appropriate refund or repayment in full no later than
5 | fifteen (15) business days after receiving notice of the termination of the Settlement pursuant to this
6 | Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by
7 | Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys'
8 | fees and/or expenses by Final non-appealable court order.

9 | 5.4    With the sole exception of Defendants' obligation to pay the Settlement Amount into
10 | the Escrow Account as provided for in ¶3.1, Defendants shall have no responsibility for, and no
11 | liability whatsoever with respect to, any payment whatsoever to Lead Plaintiff's counsel in the
12 | Action that may occur at any time.

13 | 5.5    Defendants shall have no responsibility for, and no liability whatsoever with respect
14 | to, any allocation of any attorneys' fees or expenses among Lead Plaintiff's counsel in the Action, or
15 | to any other Person who may assert some claim thereto, or any fee or expense awards the Court may
16 | make in the Action.

17 | 5.6    Defendants shall have no responsibility for, and no liability whatsoever with respect
18 | to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members,
19 | whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of
20 | payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

21 | 5.7    The procedure for and the allowance or disallowance by the Court of any Fee and
22 | Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from
23 | the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in
24 | this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including
25 | an award of attorneys' fees or expenses in an amount less than the amount requested by Lead
26 | Counsel, or any appeal from any order or part of any order relating thereto or reversal or
27 | modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the
28 | finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set

1    forth herein.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the

2    Settlement in accordance with ¶11.1 or otherwise based on the Court's or any appellate court's

3    ruling with respect to fees and expenses in the Action.

4           **6.**       **Administration Expenses**

5           6.1     Prior to the Effective Date, without further approval from Defendants or further order

6    of the Court, Lead Counsel may expend up to $350,000 from the Settlement Fund to pay Notice and

7    Administration Expenses actually incurred.  Taxes and fees related to the Escrow Account and

8    investment of the Settlement Fund may be paid as incurred, without further approval of Defendants

9    or further order of the Court.  No other disbursements from the Escrow Account or the Settlement

10   Fund are to be made until the Judgment becomes Final, absent agreement of the Parties and approval

11   from the Court.  After the Effective Date, without approval of Defendants or further order of the

12   Court, Notice and Administration Expenses may be paid as incurred.

13          **7.**       **Distribution to Authorized Claimants**

14          7.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel

15   and/or the Court as may be necessary or as circumstances may require, shall administer and calculate

16   the claims submitted by Settlement Class Members subject to the jurisdiction of the Court and shall

17   oversee distribution of the Net Settlement Fund to Authorized Claimants.  Defendants and

18   Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect

19   to the administration of the Settlement or the actions or decisions of the Claims Administrator, and

20   shall have no liability to the Settlement Class in connection with such administration.

21          7.2     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share

22   of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in

23   the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may

24   approve.

25          7.3     Defendants have no role in the development of the Plan of Allocation.  The Plan of

26   Allocation is a matter separate and apart from the Settlement, and any decision by the Court

27   concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

28   The Plan of Allocation is not a necessary term of the Stipulation and it is not a condition of the

Stipulation that any particular plan of allocation be approved by the Court. The Plan of Allocation is to be considered by the Court separately from its determination of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶11.1 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

7.4    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

7.5    Any Settlement Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit A-2 hereto) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning any of the Released Claims.

7.6    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Settlement Class Members.

7.7    For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

1           (a)      Each claimant shall be required to submit a Proof of Claim, substantially in

2 the form attached hereto as Exhibit A-2, supported by such documents as are designated therein,

3 including proof of the claimant's loss, or such other documents or proof as the Claims Administrator

4 or Lead Counsel, in their discretion, may deem acceptable;

5           (b)      All Proofs of Claim must be submitted by the date set by the Court in the

6 Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead

7 Counsel in their discretion or by Order of the Court.  Any Settlement Class Member who fails to

8 submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net

9 Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the

10 discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be

11 bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment

12 or Alternative Judgment and all releases provided for herein, and will be permanently barred and

13 enjoined from bringing any action, claim or other proceeding of any kind against any Released

14 Defendant Party.  A Proof of Claim shall be deemed to be submitted when mailed, if received with a

15 postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in

16 accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to

17 have been submitted when actually received by the Claims Administrator.  Notwithstanding the

18 foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing

19 late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants

20 is not materially delayed.  Lead Counsel shall have no liability for their discretion in accepting late

21 claims;

22           (c)      Each Proof of Claim shall be submitted to and reviewed by the Claims

23 Administrator, under such supervision of Lead Counsel as necessary, who shall determine in

24 accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

25           (d)      Proofs of Claim that do not meet the submission requirements may be

26 rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall

27 communicate with the claimant in writing to give the claimant the chance to remedy any curable

28 deficiencies in the Proof of Claim submitted.  The Claims Administrator, under such supervision of

1    Lead Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose

2    claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies,

3    setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to

4    be rejected has the right to a review by the Court if the claimant so desires and complies with the

5    requirements of subparagraph (e) below; and

6              (e)    If any claimant whose timely claim has been rejected in whole or in part for

7    curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar

8    days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of

9    time if the claim was untimely, serve upon the Claims Administrator a notice and statement of

10   reasons indicating the claimant's grounds for contesting the rejection along with any supporting

11   documentation, and requesting a review thereof by the Court.

12             7.8    Each claimant who submits a Proof of Claim shall be deemed to have submitted to the

13   jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all

14   releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be

15   subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such

16   investigation and discovery shall be limited to the claimant's status as a Settlement Class Member

17   and the validity and amount of the claimant's claim.  In connection with processing the Proofs of

18   Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

19             7.9    Payment pursuant to the Stipulation and Plan of Allocation shall be deemed final and

20   conclusive against any and all Settlement Class Members.  All Settlement Class Members whose

21   claims are not approved shall be barred from participating in distributions from the Net Settlement

22   Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement,

23   including the terms of the Judgment or Alternative Judgment to be entered in the Action and the

24   releases provided for herein and therein, and will be barred from bringing any action against the

25   Released Defendant Parties concerning the Released Claims.

26             7.10   If there is any balance remaining in the Net Settlement Fund (whether by reason of

27   tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial

28   distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute

1   such balance among Authorized Claimants who have cashed their checks in an equitable and

2   economic fashion.  These redistributions shall be repeated until it is no longer economically feasible

3   to distribute the balance to Settlement Class Members.  Any balance that still remains in the Net

4   Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after

5   payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be

6   donated in equal parts to Bay Area Legal Aid and the Consumer Federation of America.

7          7.11    All proceedings with respect to the administration, processing and determination of

8   claims described by this Stipulation and the determination of all controversies relating thereto,

9   including disputed questions of law and fact with respect to the validity of claims, shall be subject to

10  the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or

11  Alternative Judgment.

12         7.12    No Person shall have any claim of any kind against the Released Defendant Parties or

13  Defendants' Counsel with respect to the matters set forth in this section or any of its subsections, or

14  otherwise related in any way to the administration of the Settlement, including, without limitation,

15  the processing of claims and distributions.

16         7.13    No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims

17  Administrator, or other Person designated by Lead Counsel, based on the distributions made

18  substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of

19  Allocation, or further order(s) of the Court.

20         **8.      Terms of the Preliminary Approval Order**

21         8.1     Concurrently with their application for preliminary approval by the Court of the

22  Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, and no

23  later than ten (10) business days after the execution of the Stipulation, Lead Counsel shall apply to

24  the Court for entry of the Preliminary Approval Order, which shall be substantially in the form

25  annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve

26  the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the

27  method for giving notice of the Settlement to the Settlement Class.

28

1    8.2    Any Settlement Class Member who fails to comply with any of the provisions of ¶7.7

2  of this Stipulation shall waive and forfeit any and all rights he, she, or it may otherwise have to

3  appear separately at the Settlement Hearing and/or to object to the Settlement or to this Stipulation,

4  and shall be bound by all the terms of the Settlement and this Stipulation, and by all proceedings,

5  orders, and judgments in the Action.

6    8.3    Within ten (10) business days of entry of the Preliminary Approval Order, LeapFrog

7  shall provide to Lead Counsel, at no cost to Lead Counsel, Lead Plaintiff or the Settlement Class, the

8  names and addresses of Persons who purchased or acquired the common stock of LeapFrog during

9  the Class Period, as listed on LeapFrog's shareholder transfer records, in electronic searchable form,

10  such as Excel.

11    **9.    Terms of the Judgment**

12    9.1    If the Settlement contemplated by this Stipulation is approved by the Court, counsel

13  for the Parties shall request that the Court enter a Judgment substantially in the form annexed hereto

14  as Exhibit B.

15    **10.    Effective Date of Settlement**

16    10.1    The Effective Date of this Settlement shall be the first business day on which all of

17  the following shall have occurred or been waived:

18    (a)    execution of this Stipulation, and such other documents as may be required to

19  obtain final Court approval of this Stipulation in a form satisfactory to the Parties;

20    (b)    entry of the Preliminary Approval Order, which shall be in all material

21  respects substantially in the form set forth in Exhibit A annexed hereto;

22    (c)    payment of the Settlement Amount into the Escrow Account pursuant to ¶3.1;

23    (d)    approval by the Court of the Settlement, following notice to the Settlement

24  Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

25    (e)    Defendants have not exercised their option to terminate the Settlement

26  pursuant to the terms of this Stipulation or the Supplemental Agreement described in ¶11.3 below;

27  and

28

(f)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, will have been entered by the Court and will have become Final; or in the event that an Alternative Judgment will have been entered, the Alternative Judgment will have become Final.

**11.    Waiver or Termination**

11.1    Defendants and Lead Plaintiff shall have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect or an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, this Settlement is expressly not conditioned on the Court's approval of the Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award of expenses to Lead Plaintiff, and Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation, or any award or failure to award expenses to Lead Plaintiff.

11.2    In addition to the foregoing, Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

11.3    Simultaneously herewith, the Parties, through their respective counsel, are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which LeapFrog shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless

1    ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a
2    dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have
3    the Supplemental Agreement submitted to the Court *in camera* or under seal.  In the event of a
4    termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become
5    null and void and of no further force and effect, with the exception of the provisions of ¶¶6-8 which
6    shall continue to apply.

7         11.4    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that
8    requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the
9    Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, the Claims
10   Administrator shall within five (5) business days of receipt, and no later than fifteen (15) calendar
11   days prior to the Settlement Hearing, notify Lead Counsel and Defendants' Counsel of such request
12   for exclusion and provide copies of such request for exclusion and any documentation accompanying
13   it by facsimile or electronic mail.

14        11.5    In addition to all of the rights and remedies that Lead Plaintiff has under the terms of
15   this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that
16   the Settlement Amount has not been paid in the time period provided for in ¶3.1 above, by providing
17   written notice of the election to terminate to all other Parties' counsel and, thereafter, there is a
18   failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

19        11.6    If, before the Settlement becomes Final, any Defendant files for protection under the
20   Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is
21   appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a
22   court of competent jurisdiction determining the transfer of money or any portion thereof to the
23   Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent
24   transfer or similar transaction and any portion thereof is required to be returned, and such amount is
25   not promptly redeposited into the Settlement Fund by others, then, at the election of Lead Plaintiff,
26   the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or
27   Alternative Judgment entered in favor of that Defendant and that Defendant and Lead Plaintiff and
28   the members of the Settlement Class shall be restored to their litigation positions immediately prior

to November 29, 2017. All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

11.7    Defendants each warrant, as to themselves and the payments made on their respective behalves, that, at the time of such payment, each will not be insolvent, nor will payment render each insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

11.8    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶11.1, 11.3 or 11.5 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

11.9    With the exception of the provisions of ¶¶2.2, 5.3, 11.3, 11.10, 12, 13.11 and 13.18, which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to November 29, 2017; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered and shall work together to arrive at a mutually agreeable schedule for resuming litigation of the Action in light of such developments. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise.

11.10    In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously deposited into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within fifteen (15) business days after written notification of such event in

1    accordance with instructions provided by Defendants' Counsel to Lead Counsel.  At the request of

2    Defendants' Counsel, the Escrow Agent or their designees shall apply for any tax refund owed on

3    the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or

4    expenses incurred in connection with such application(s), of such refund to the Person(s) that made

5    the deposits or as otherwise directed.

6    **12.    No Admission**

7    12.1    This Settlement compromises claims that are contested and, as such, shall not be

8    deemed an admission by any Party as to the merits of any claim or defense.  Lead Plaintiff

9    acknowledges that the Defendants have denied and continue to deny each and all claims of alleged

10   wrongdoing, while the Defendants acknowledge that Lead Plaintiff continues to maintain the validity

11   of its lawsuit and the merits of its claims.  The Parties acknowledge that Defendants make no

12   admission of liability or wrongdoing.

13   12.2    Except as set forth in ¶12.3 below, this Stipulation, whether or not consummated, and

14   whether or not approved by the Court, and any and all discussions, negotiations, drafts, agreements,

15   and proceedings made or taken pursuant to, in connection with, or relating to the Stipulation, the

16   Settlement, and any matter arising in connection with settlement discussions or negotiations,

17   proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties

18   or their respective counsel, and in particular:

19   (a)    do not constitute, and shall not be offered or received against or to the

20   prejudice of the Released Defendant Parties as evidence of, or construed as, or deemed to be

21   evidence of any presumption, concession, or admission by any of the Released Defendant Parties

22   with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class, or the validity of

23   any claim that has been or could have been asserted in the Action or in any litigation, including, but

24   not limited to, the Released Claims, or of any deficiency of any defense that has been or could have

25   been asserted in the Action, or of any liability, damages, negligence, fault or wrongdoing of the

26   Released Defendant Parties or any person or entity whatsoever;

27   (b)    do not constitute, and shall not be offered or received against or to the

28   prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any

1   fault, misrepresentation, or omission with respect to any statement or written document approved or

2   made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the

3   Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of

4   the Settlement Class;

5           (c)    do not constitute, and shall not be offered or received against or to the

6   prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their

7   respective counsel, as evidence of, or construed as evidence of, any presumption, concession, or

8   admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in

9   any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead

10  Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil,

11  criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

12  effectuate the provisions of this Stipulation;

13          (d)    do not constitute, and shall not be construed against any of the Defendants,

14  Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the

15  consideration to be given hereunder represents the amount that could be or would have been

16  recovered after trial; and

17          (e)    do not constitute, and shall not be construed as or received in evidence as an

18  admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement

19  Class that any of their claims are without merit or infirm or that damages recoverable under the SAC

20  would not have exceeded the Settlement Amount.

21         12.3    Notwithstanding ¶12.2 above, the Parties, and their respective counsel, may file this

22  Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against

23  them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

24  estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or

25  reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim,

26  or to effectuate any liability protection granted them under any applicable insurance policy.  The

27  Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may

28  be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.  All

1  Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the

2  Settlement.

3      **13.    Miscellaneous Provisions**

4      13.1    All of the exhibits to the Stipulation and the Supplemental Agreement are material

5  and integral parts hereof and are fully incorporated herein by this reference as though fully set forth

6  herein.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms

7  of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall

8  control.

9      13.2    The Parties intend the Settlement to be the full, final, and complete resolution of all

10  claims asserted or that could have been asserted by the Parties with respect to the Released Claims

11  and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the

12  Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties

13  shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to

14  the prosecution, defense, or settlement of this Action.  Moreover, none of the Parties shall seek any

15  cost-shifting claims against the others.  The Judgment shall contain a finding that the Parties and

16  their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure.  The Parties

17  agree that the Settlement Amount paid and the other terms of the Settlement were negotiated at

18  arm's-length and in good faith by the Parties and their respective counsel, including during two

19  mediation sessions, as described above, and reflect a settlement that was reached voluntarily based

20  upon adequate information and after consultation with experienced legal counsel.

21      13.3    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be

22  modified or amended, nor may any of its provisions be waived, except by a writing signed by

23  counsel for the Parties hereto, or their successors, that are materially and adversely affected by the

24  modification, amendment, or waiver.

25      13.4    Neither the Settlement Class Members nor the Defendants shall be bound by this

26  Stipulation if the Court modifies material terms hereof, provided, however, that it shall not be a basis

27  to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for

28  allocation of the Net Settlement Fund amongst Settlement Class Members, or the Plan of Allocation

1 is modified on appeal.  Nor shall it be a basis to terminate the Settlement or this Stipulation if the

2 Court denies, in whole or in part, Lead Counsel's application for attorneys' fees and expenses or any

3 application by Lead Plaintiff for an award of costs and expenses.

4      13.5    Defendants shall be responsible for and pay for, at no cost to the Settlement Class,

5 timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28

6 U.S.C. §1715.

7      13.6    The headings herein are used for the purpose of convenience only and are not meant

8 to have legal effect.

9      13.7    The administration and consummation of the Settlement as embodied in this

10 Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

11 purpose of, among other things, entering orders providing for awards of attorneys' fees and any

12 expenses, and implementing and enforcing the terms of this Stipulation, including, without

13 limitation, the releases provided for herein.

14      13.8    The waiver by one Party of any breach of this Stipulation by any other Party shall not

15 be deemed a waiver of any other prior or subsequent breach of this Stipulation or a waiver by any

16 other Party of any breach of this Stipulation or a waiver by any other Party of any breach of this

17 Stipulation.

18      13.9    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire

19 agreement among the Parties concerning the Settlement, and no representation, warranty, or

20 inducement has been made by any Party concerning this Stipulation and its exhibits other than those

21 contained and memorialized in such documents.

22      13.10   The Parties agree that, in entering into this Settlement, they have relied solely upon

23 their own knowledge and investigation, and not upon any promise, representation, warranty, or other

24 statement by any other Party, not expressly contained in this Stipulation or any of the incorporated

25 Settlement documents.  It is understood by the Parties that, except for the matters expressly

26 represented herein, the facts or law with respect to which this Stipulation is entered into may turn out

27 to be other than or different from the facts and law now known to each Party or believed by such

28 Party to be true; each Party therefore expressly assumes the risk of the facts or law turning out to be

1  so different, and agrees that this Stipulation shall be in all respects effective and not subject to

2  termination by reason of any such different facts or law.

3     13.11  Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall

4  be deemed to constitute a waiver of any applicable privilege or immunity, including, without

5  limitation, attorney-client privilege, joint defense privilege, or work product protection.

6     13.12  Without further order of the Court, the Parties may agree to reasonable extensions of

7  time to carry out any of the provisions of this Stipulation, unless such extensions conflict with an

8  Order of the Court, in which case the Parties shall move the Court to amend any such order.

9     13.13  Pending preliminary and final approval of the Settlement by the Court, as set forth in

10  this Stipulation and its attached Exhibits, all proceedings in this Action, other than those related to

11  the Settlement, shall be stayed.

12     13.14  All designations and agreements made, or orders entered during the course of the

13  Action relating to the confidentiality of documents or information shall survive this Stipulation.

14     13.15  This Stipulation may be executed in one or more counterparts.  All executed

15  counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent

16  by facsimile or via e-mail in pdf format shall be deemed originals.

17     13.16  This Stipulation shall be binding when signed, but the Settlement shall be effective

18  upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement

19  Amount, subject only to the condition that the Effective Date will have occurred.

20     13.17  This Stipulation shall be binding upon, and inure to the benefit of, the successors and

21  assigns of the Parties, including any corporation or other entity into or with which any Party has

22  merged, consolidated, or reorganized, or does merge, consolidate, or reorganize.

23     13.18  Whether or not this Stipulation is approved by the Court and whether or not this

24  Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their

25  best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents

26  signed, and proceedings in connection with this Stipulation confidential.

27     13.19  The construction, interpretation, operation, effect, and validity of this Stipulation, and

28  all documents necessary to effectuate it, shall be governed by the laws of the State of California

1    without regard to that State's choice of law or conflicts of laws principles, except to the extent that

2    federal law requires that federal law govern.  Any dispute relating to this Stipulation shall be brought

3    exclusively in this Court, and each of the Parties agrees not to contest subject matter jurisdiction or

4    personal jurisdiction, or assert that such forum is inconvenient for any such dispute brought in this

5    Court.

6         13.20   This Stipulation shall not be construed more strictly against one Party than another

7    merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

8    the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties,

9    and all Parties have contributed substantially and materially to the preparation of this Stipulation.

10        13.21   All counsel and any other person executing this Stipulation and any of the exhibits

11   hereto, or any related Settlement document, warrant and represent that they have the full authority to

12   do so, and that they have the authority to take appropriate action required or permitted to be taken

13   pursuant to the Stipulation to effectuate its terms.

14        13.22   Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Lead

15   Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class

16   pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any

17   modifications or amendments to this Stipulation on behalf of the Settlement Class which Lead

18   Counsel deem appropriate.

19        13.23   By entering into this Stipulation, Lead Plaintiff represents and warrants that it has not

20   assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the

21   Released Claims to any other Person, and the Defendants represent and warrant that they have not

22   assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the

23   Released Defendants' Claims to any other Person.

24        13.24   The Parties and their respective counsel agree to cooperate fully with one another in

25   promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of

26   a hearing for consideration of Final approval of the Settlement, the Plan of Allocation, and Lead

27   Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other

28

1  documentation as reasonably may be required to obtain Final approval by the Court of the

2  Settlement.

3          13.25   No opinion or advice concerning the tax consequences of the Settlement to any

4  Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any

5  representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class

6  Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement

7  Class Member, and it is understood that the tax consequences may vary depending on the particular

8  circumstances of each individual Settlement Class Member.

9          13.26   All dollar amounts in this Stipulation are in U.S. dollars.

10          13.27   Except as otherwise provided herein, each Party shall bear its own costs.

11          13.28   If any Party is required to give notice to any other Party under this Stipulation, such

12  notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery,

13  overnight courier, email or facsimile transmission with confirmation of receipt.  Notice shall be

14  provided as follows:

| If to Lead Counsel: | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Shawn A. Williams<br>Willow E. Radcliffe<br>Matthew S. Melamed<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Telephone: (415) 288-4545<br>Facsimile: (415) 288-4534<br>Email: willowr@rgrdlaw.com<br><br>MOTLEY RICE LLC<br>James M. Hughes<br>William S. Norton<br>Christopher F. Moriarty<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Telephone: (843) 216-9000<br>Facsimile: (843) 216-9450<br>Email: jhughes@motleyrice.com |
| --- | --- |

| If to Defendants' Counsel: | MORRISON & FOERSTER LLP<br>Jordan Eth<br>Mark R.S. Foster<br>Ryan M. Keats<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br>Email: mfoster@mofo.com |
|---|---|

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed, by their

duly authorized attorneys, as of February 22, 2018.

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
WILLOW E. RADCLIFFE
MATTHEW S. MELAMED

*Willow E. Radcliffe*

WILLOW E. RADCLIFFE

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

1

2  MOTLEY RICE LLC
   JAMES M. HUGHES
3  WILLIAM S. NORTON
   CHRISTOPHER F. MORIARTY

4

5  _____
                    JAMES M. HUGHES
6

7  28 Bridgeside Blvd.
   Mount Pleasant, SC  29464
8  Telephone:  843/216-9000
   843/216-9450 (fax)

9  Co-Lead Counsel for Plaintiffs

10 MORRISON & FOERSTER LLP
   JORDAN ETH
11 MARK R.S. FOSTER
   RYAN M. KEATS

12

13 _____
14                  MARK R.S. FOSTER        2/22/18

15 425 Market Street
   San Francisco, CA  94105-2482
16 Telephone:  415/268-7000
   415/268-7522 (fax)

17

18 Counsel for Defendants

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:15-cv-00347-EMC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS |
| ALL ACTIONS. | ) ) ) | ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT |
| | | EXHIBIT A |

1337858_2

1    On February 22, 2018, Lead Plaintiff KBC Asset Management NV ("Lead Plaintiff" or

2   "KBC"), on behalf of itself and the proposed Settlement Class (defined below), on the one hand, and

3   LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company"), John Barbour and Raymond L. Arthur

4   (the "Individual Defendants" and with LeapFrog, the "Defendants"), on the other hand, entered into

5   a Stipulation of Settlement (the "Stipulation") in the Action, which is subject to review under Rule

6   23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth

7   the terms and conditions of the proposed Settlement of the claims alleged in KBC's Second

8   Amended Consolidated Class Action Complaint for Violation of the Securities Laws (ECF No. 97)

9   on the merits and with prejudice (the "Settlement"); and

10   WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying

11   exhibits to determine, among other things, whether the Settlement is sufficiently fair, reasonable, and

12   adequate to warrant the issuance of notice of the proposed Settlement to the Settlement Class; and

13   WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

14   WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein

15   have the meanings defined in the Stipulation;

16   NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,

17   2018 that:

18   1.    This Court has jurisdiction over the subject matter of this Action and over all parties

19   to this Action, including Settlement Class Members.

20   2.    ***Preliminary Findings Concerning the Proposed Settlement***:  The Court has

21   reviewed the Stipulation and preliminarily finds the Settlement set forth therein to:  (i) be fair,

22   reasonable and adequate, subject to further consideration at the Settlement Hearing described below;

23   (ii) be the result of serious, extensive arm's-length and non-collusive negotiations; (iii) fall within a

24   range of reasonableness warranting final approval; (iv) have no obvious deficiencies; (v) not

25   improperly grant preferential treatment to the Lead Plaintiff or segments of the Settlement Class; and

26   (vi) warrant notice of the proposed Settlement to the Settlement Class Members and further

27   consideration of the Settlement at the fairness hearing described below.

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC    - 1 -

1    3.    ***Settlement Class***.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

2    Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Settlement Class

3    of:  all Persons that purchased or acquired LeapFrog common stock between May 5, 2014 and June

4    11, 2015, inclusive (the "Class Period").  Excluded from the Settlement Class are: (i) Defendants;

5    (ii) members of the immediate families of the Individual Defendants; (iii) LeapFrog's subsidiaries;

6    (iv) the officers and directors of LeapFrog during the Class Period; (v) any entity in which any

7    Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns

8    of any such excluded person or entity.  Also excluded from the Settlement Class will be any Person

9    who timely and validly seeks exclusion from the Settlement Class.

10    4.    The Court finds and concludes that the prerequisites of class action certification under

11    Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the

12    Settlement Class defined herein and for the purposes of the Settlement only, in that:

13        (a)    the members of the Settlement Class are so numerous that joinder of all

14    Settlement Class Members is impracticable;

15        (b)    there are questions of law and fact common to the Settlement Class Members;

16        (c)    the claims of Lead Plaintiff are typical of the Settlement Class's claims;

17        (d)    Lead Plaintiff and Lead Counsel have fairly and adequately represented and

18    protected the interests of the Settlement Class;

19        (e)    the questions of law and fact common to Settlement Class Members

20    predominate over any individual questions; and

21        (f)    a class action is superior to other available methods for the fair and efficient

22    adjudication of the controversy.

23    5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

24    the Settlement only, Lead Plaintiff is certified as Class Representative for the Settlement Class.  The

25    law firms of Motley Rice LLC and Robbins Geller Rudman & Dowd LLP are appointed Class

26    Counsel for the Settlement Class.

27    6.    If the Stipulation is terminated or is not consummated for any reason, the foregoing

28    certification of the Settlement Class shall be void and of no further effect, and the Parties to the

1   Stipulation shall be returned to the status each occupied before entry of this Order and before

2   execution of the Stipulation without prejudice to any legal argument that any of the Parties to the

3   Stipulation might have asserted in the Action.

4          7.    ***Settlement Hearing***.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of

5   the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on

6   _____, 2018, at __:____ _.m. before the Honorable Edward M. Chen in Courtroom 5

7   of the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

8   San Francisco, CA 94102 for the following purposes:

9          (a)    to determine whether the proposed Settlement is fair, reasonable and adequate,

10   and should be approved by the Court;

11          (b)    to determine whether the Final Order and Judgment ("Judgment") as provided

12   under the Stipulation should be entered in its entirety and with prejudice;

13          (c)    to determine, for purposes of the Settlement only, whether the Settlement

14   Class should be certified; whether Lead Plaintiff should be finally certified as Class Representative

15   for the Settlement Class; whether the law firms of Motley Rice LLC and Robbins Geller Rudman &

16   Dowd LLP should be finally appointed as Class Counsel for the Settlement Class;

17          (d)    to determine whether the Plan of Allocation of the settlement proceeds is fair,

18   reasonable and adequate, and should be approved by the Court;

19          (e)    to consider Lead Counsel's motion for an award of attorneys' fees and

20   expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its

21   reasonable costs and expenses directly related to its representation of the Settlement Class pursuant

22   to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

23          (f)    to rule upon such other matters as the Court may deem appropriate.

24          8.    The Plan of Allocation, Lead Counsel's application for an award of attorneys' fees

25   and litigation expenses, and Lead Plaintiff's award of reasonable costs and expenses will be

26   considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any

27   appeal relating solely to the Plan of Allocation, solely to Lead Counsel's application for an award of

28   attorneys' fees and litigation expenses, or solely to Lead Plaintiff's application for an award of

1  reasonable costs and expenses shall not operate to terminate or cancel the Settlement, or affect or

2  delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

3         9.     The Court reserves the right to approve the Settlement with or without modification

4  and with or without further notice to the Settlement Class of any kind.  The Court further reserves

5  the right to enter the Judgment approving the Settlement regardless of whether it has approved the

6  Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the

7  Settlement Hearing or modify any of the dates herein without further notice to members of the

8  Settlement Class.

9        10.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's

10  request for an award of attorneys' fees and expenses shall be filed with the Court and served on or

11  before fourteen (14) calendar days prior to the date set for objections in ¶26.  Any reply papers are to

12  be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement

13  Hearing.

14        11.    Neither Defendants nor their counsel shall have any responsibility for the Plan of

15  Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead

16  Plaintiff, and such matters shall be considered separately from the fairness, reasonableness, and

17  adequacy of the Settlement.

18        12.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

19  Allocation proposed by Lead Counsel and any application for attorneys' fees or expenses shall be

20  approved.  Any appeal from any orders relating to any plan of allocation or Lead Counsel's

21  application for an award of attorneys' fees and expenses and Lead Plaintiff's reimbursement, or any

22  reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or

23  delay the finality of the Judgment approving the Stipulation and the Settlement of the Action as set

24  forth therein.

25        13.    ***Notice***.  The Court approves the form, substance, and requirements of the Notice of

26  Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release form

27  ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC    - 4 -

14.     The Court approves the retention of Gilardi & Co. LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before fifteen (15) business days after entry of this Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Per the terms of the Stipulation, LeapFrog, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records obtained from its transfer agent in electronic searchable form containing the names and addresses of purchasers or acquirers of LeapFrog common stock during the Class Period, to the extent that information is available to its transfer agent, no later than ten (10) business days after entry of this Order.  Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from LeapFrog's shareholder transfer records, in no event shall the Defendants or any of the Released Defendant Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Defendant Parties shall have any obligation or liability to the Lead Plaintiff, Lead Counsel, or the Settlement Class in connection with such administration.

15.     The Claims Administrator shall use reasonable efforts to give notice to nominees such as brokerage firms and other persons or entities who purchased or otherwise acquired LeapFrog common stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER:  (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further

1  notices that may be provided in the Action.  Upon full and timely compliance with these directions,

2  such nominees may seek reimbursement of their reasonable expenses actually incurred by providing

3  the Claims Administrator with proper documentation supporting the expenses for which

4  reimbursement is sought.

5       16.    Lead Counsel shall, at least fourteen (14) calendar days before the Settlement

6  Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

7       17.    The Court approves the form of the Summary Notice substantially in the form

8  annexed hereto as Exhibit A-3, and directs that Lead Counsel shall cause the Summary Notice to be

9  published in *The Wall Street Journal* and be transmitted over the *Business Wire* within fourteen (14)

10  calendar days of the Notice Date.  Lead Counsel shall, at least fourteen (14) calendar days before the

11  Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12      18.    Lead Counsel may make non-material edits to the Notice, Proof of Claim, and

13  Summary Notice without Court approval.

14      19.    The form and content of the notice program described herein, and the methods set

15  forth herein of notifying the Settlement Class of the Settlement and its terms and conditions:

16  (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b)

17  are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation

18  and of the Settlement and to apprise Settlement Class Members of their right to object to the

19  proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and

20  constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d)

21  meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 21D

22  of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the

23  rules of this Court, and any other applicable law.

24      20.    ***Submission of Proof of Claim Forms***.  In order to be eligible to receive a distribution

25  from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms

26  and conditions set forth in the Stipulation, each claimant shall take the following actions and be

27  subject to the following conditions:

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC    - 6 -

1        (a)      A properly executed Proof of Claim, substantially in the form annexed hereto

2 as Exhibit A-2, must be submitted to the Claims Administrator, at the address indicated in the

3 Notice, postmarked or electronically submitted no later than 120 calendar days after the Notice Date.

4 Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each

5 Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and

6 mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other

7 manner shall be deemed to have been submitted when it was actually received at the address

8 designated in the Notice.  Any Settlement Class Member who does not timely submit a Proof of

9 Claim within the time provided for shall be barred from sharing in the distribution of the Net

10 Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall

11 remain bound by all determinations and judgments in this Action concerning the Settlement, whether

12 favorable or unfavorable to the Settlement Class.  Notwithstanding the foregoing, Lead Counsel shall

13 have the discretion (but not the obligation) to accept for processing late-submitted claims so long as

14 the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Lead

15 Counsel shall have no liability for their discretion in accepting late claims.

16        (b)      The Proof of Claim submitted by each claimant must satisfy the following

17 conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed,

18 signed and submitted in a timely manner in accordance with the provisions of the preceding

19 subparagraph; (ii) it must be accompanied by adequate supporting documentation for the

20 transactions reported therein, in the form of broker confirmation slips, broker account statements, an

21 authorized statement from the broker containing the transactional information found in a broker

22 confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator

23 with such supervision by Lead Counsel as necessary; (iii) if the person executing the Proof of Claim

24 is acting in a representative capacity, a certification of his or her current authority to act on behalf of

25 the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim

26 must be complete and contain no material deletions or modifications of any of the printed matter

27 contained therein and must be signed under penalty of perjury.

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC   - 7 -

1      (c)      As part of the Proof of Claim, each claimant shall submit to the jurisdiction of

2   the Court with respect to the claim submitted.

3      21.      Any Settlement Class Member may enter an appearance in this Action, at his, her or

4   its own expense, individually or through counsel of his, her or its own choice.  If any Settlement

5   Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

6      22.      ***Exclusions from the Settlement Class***.  Settlement Class Members shall be bound by

7   all orders, determinations, and judgments in this Action concerning the Settlement, whether

8   favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a

9   timely and proper manner, as hereinafter provided.  If the Settlement is approved, all Settlement

10  Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by

11  any judgment or determination of the Court affecting the Settlement Class, regardless of whether or

12  not a Settlement Class Member submits a Proof of Claim.  Any member of the Settlement Class who

13  fails to opt out of the Settlement Class or who fails to object in the manner prescribed in the Notice

14  shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting

15  any claims arising out of, related to, or based in whole or in part on any of the facts or matters

16  alleged in the Action, or which could have been alleged, or which otherwise were at issue in the

17  Action.

18     23.      A putative Settlement Class Member wishing to make such an exclusion request shall

19  mail the request in written form by first-class mail to the address designated in the Notice for such

20  exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement

21  Hearing.  Such request for exclusion must state the name, address, and telephone number of the

22  Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement

23  Class in *In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC

24  (N.D. Cal.)" and must be signed by such Person.  Such Persons requesting exclusion are also

25  directed to state the information requested in the Notice, including, but not limited to:  the date(s),

26  price(s), and number(s) of shares of all purchases and acquisitions and/or sales of LeapFrog common

27  stock during the period from May 5, 2014 through June 11, 2015, inclusive.  The request for

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC        - 8 -

1  exclusion shall not be effective unless it provides the required information and is made within the

2  time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

3        24.    Putative Settlement Class Members requesting exclusion from the Settlement Class

4  shall not be eligible to receive any payment out of the Net Settlement Fund as described in the

5  Stipulation and Notice.

6        25.    Upon receiving any request for exclusion, Lead Counsel or the Claims Administrator

7  shall within five (5) business days of receipt, and no later than fifteen (15) calendar days prior to the

8  Settlement Hearing, notify Lead Counsel and Defendants' Counsel of such request for exclusion and

9  provide copies of such request for exclusion and any documentation accompanying it by facsimile or

10 electronic mail.

11       26.    ***Objections to the Settlement***.   The Court will consider any Settlement Class

12 Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of

13 attorneys' fees or expenses only if such Settlement Class Member has filed by hand or by mail his,

14 her, or its written objection and supporting papers, such that they are received on or before twenty-

15 one (21) calendar days before the Settlement Hearing by the Clerk of the Court, United States

16 District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA.

17 The written objection must:  (a) clearly indicate the objector's name, mailing address, daytime

18 telephone number, and e-mail address; (b) state that the objector is objecting to the proposed

19 Settlement, Plan of Allocation, and/or Fee and Expenses Application in *In re LeapFrog Enterprises,*

20 *Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (N.D. Cal.); (c) specify the reason(s),

21 if any, for the objection, including any legal support and/or evidence, including witnesses, that such

22 objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) list

23 the date(s), price(s), and number(s) of all purchases, acquisitions, and/or sales of LeapFrog common

24 stock during the Class Period.  Any Settlement Class Member who does not make his, her, or its

25 objection in the manner provided for in the Notice shall be deemed to have waived such objection

26 and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the

27 Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by

28 the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

1   The Court will consider all proper objections even if a Settlement Class Member does not attend the

2   Settlement Hearing.  However, Persons wishing to be heard orally in opposition to the approval of

3   the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and

4   other expenses are required to indicate in their written objection their intention to appear at the

5   Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or

6   the application for an award of attorneys' fees and expenses and desire to present evidence at the

7   Settlement Hearing must include in their written objections the identity of any witnesses they may

8   call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

9   Settlement Class Members do not need to appear at the hearing or take any other action to indicate

10  their approval.

11          27.     As provided in the Stipulation, prior to the Effective Date, and without further

12  approval from Defendants or without further order of the Court, Lead Counsel may expend up to

13  $350,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred.

14          28.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in

15  accordance with the terms and obligations of the Stipulation is approved.  No person who is not a

16  Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any

17  distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in

18  the Stipulation.  Pursuant to ¶7.10 of the Stipulation, the Court hereby approves Bay Area Legal Aid

19  and the Consumer Federation of American as the *cy pres* beneficiaries should there be any balance in

20  the Net Settlement Fund that is not feasible or economical to reallocate to Authorized Claimants,

21  after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses.

22          29.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the

23  Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be

24  disbursed pursuant to the Stipulation and/or further order of the Court.

25          30.     ***Bar on Litigating Released Claims***.  Pending final determination of whether the

26  Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and

27  anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any

28  action which asserts any Released Claims against any of the Released Defendant Parties.

1        31.    ***Termination of Settlement***.  If the Settlement fails to become effective as defined in

2   the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s)

3   thereof except as expressly provided in the Stipulation, and this Order, shall be null and void, of no

4   further force or effect, and without prejudice to any Party, and may not be introduced as evidence or

5   used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be

6   deemed to have reverted to their respective litigation positions in the Action as of November 29,

7   2017.

8        32.    ***No Admission***.  Neither the Stipulation, nor any of its terms or provisions, nor any of

9   the negotiations or proceedings connected with it, shall be construed as an admission or concession

10   by the Released Defendant Parties of the truth of any of the allegations in the Action, or of any

11   liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of

12   or an admission or concession that Lead Plaintiff or any Settlement Class Members have suffered

13   any damages, harm, or loss.

14        33.    This Order shall not be construed or used as an admission, concession, or

15   presumption by or against any of the Released Defendant Parties of any fault, wrongdoing, breach,

16   or liability or as a waiver by any Party of any arguments, defense, or claims he, she, or it may have

17   in the event that the Stipulation is terminated, nor shall it be used in any manner prohibited by

18   ¶¶12.1-12.2 of the Stipulation.  In the event this Order becomes of no force or effect, it shall not be

19   construed or used as an admission, concession, or presumption by or against the Released Defendant

20   Parties, the Released Plaintiff Parties, or the Settlement Class.  The Defendants have denied and

21   continue to deny, any and all allegations and claims asserted in the Action and have entered into the

22   Stipulation solely in order to eliminate the burden, expense, and uncertainties of further litigation.

23        34.    ***Stay***.    Pending further order of the Court, all litigation activity, except that

24   contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is

25   hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Settlement

26   Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

27

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC          - 11 -

1          35.     The Court retains exclusive jurisdiction over the Action to consider all further matters

2  arising out of or connected with the Settlement.

3  DATED: _____, 2018

4                                                     _____
                                                      HONORABLE EDWARD M. CHEN
5                                                     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1337858_2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, AND SETTING DATE FOR FINAL APPROVAL HEARING - 3:15-cv-00347-EMC          - 12 -

EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    WILLOW E. RADCLIFFE (200087)
3   MATTHEW S. MELAMED (260272)
    Post Montgomery Center
4   One Montgomery Street, Suite 1800
    San Francisco, CA  94104
5   Telephone:  415/288-4545
    415/288-4534 (fax)
6   shawnw@rgrdlaw.com
    willowr@rgrdlaw.com
7   mmelamed@rgrdlaw.com
        – and –
8   ELLEN GUSIKOFF STEWART (144892)      MOTLEY RICE LLC
    655 West Broadway, Suite 1900        JAMES M. HUGHES (*pro hac vice*)
9   San Diego, CA  92101-8498            WILLIAM S. NORTON
    Telephone:  619/231-1058             CHRISTOPHER F. MORIARTY (*pro hac vice*)
10  619/231-7423 (fax)                   28 Bridgeside Blvd.
    elleng@rgrdlaw.com                   Mount Pleasant, SC  29464
11                                       Telephone:  843/216-9000
                                         843/216-9450 (fax)
12                                       jhughes@motleyrice.com
                                         bnorton@motleyrice.com
13                                       cmoriarty@motleyrice.com

14  Co-Lead Counsel for Plaintiffs

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17  In re LEAPFROG ENTERPRISES, INC.     )   Master File No. 3:15-cv-00347-EMC
    SECURITIES LITIGATION                )
18  ─────────────────────────────       )   CLASS ACTION
                                         )
19  This Document Relates To:            )   NOTICE OF PROPOSED SETTLEMENT OF
                                         )   CLASS ACTION
20      ALL ACTIONS.                     )
                                         )   EXHIBIT A-1
21  ─────────────────────────────       )

22

23

24

25

26

27

28

1343399_2

If you purchased or acquired LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company") common stock from May 5, 2014 through June 11, 2015, inclusive (the "Class Period"), you may be entitled to receive money from a class action settlement. The average recovery in the Settlement per allegedly damaged share is estimated to be approximately $0.125 per share, before the deduction of any Court-approved fees and expenses, and approximately $0.083 per allegedly damaged share after the deduction of the attorneys' fees and litigation expenses discussed below.

***A Federal Court authorized this Notice. This is NOT a solicitation by a lawyer.***

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS CONCERNING A PROPOSED CLASS ACTION SETTLEMENT.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST SUBMIT A CLAIM FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENT. IF YOU DO NOT SUBMIT A CLAIM, ANY RIGHT TO COMPENSATION WILL BE EXTINGUISHED UNLESS YOU HAVE ELECTED TO OPT OUT OF THE SETTLEMENT CLASS.

This Notice concerns a lawsuit that was brought in federal court as a class action on behalf of investors (individuals and entities) who purchased or acquired LeapFrog common stock during the Class Period.[1] The lawsuit is referred to as *In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (the "Action") and is pending before the Honorable Edward M. Chen in the United States District Court for the Northern District of California (the "Court").

This Notice is to inform you that the Lead Plaintiff in the Action, KBC Asset Management NV ("Lead Plaintiff" or "KBC"), on behalf of itself and the Settlement Class consisting of investors who purchased or acquired LeapFrog common stock during the Class Period, has reached an agreement with Defendants LeapFrog, John Barbour and Raymond L. Arthur to settle the Action for $5.5 million in cash (the "Settlement"). If the Settlement is approved by the Court, all claims in the Action against the Defendants and the Released Defendant Parties (defined in Question 25 below) will be resolved.

**Overview of the Action and Settlement**: This Action alleges claims on behalf of the Settlement Class under the Securities Exchange Act of 1934 (the "1934 Act") against Defendants. Lead Plaintiff alleges that Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding LeapFrog's business, financial results, operations and prospects, which caused the price of LeapFrog common stock to be artificially inflated. More specifically, Lead Plaintiff alleges that LeapFrog failed to take a timely long-lived asset charge for the quarter ending December 31, 2014, failed to test and record a goodwill impairment charge for the quarter ending September 30, 2014, downplayed the impact of significant inventory issues and the delayed launch of LeapTV, and failed to maintain financial controls. Defendants deny any wrongdoing, fault or liability.

After extensive investigation and litigation and the review of documents, in August 2017 the parties engaged in mediation with the assistance of the Hon. James Ware (Ret.), a retired federal district court judge. This session did not result in a settlement, and litigation continued. The parties attended a second mediation with Judge Ware in November 2017. As a result of those negotiations, the parties have agreed to the Settlement described below. The Settlement is subject to Court approval. More detailed descriptions of the Action and the Settlement are set forth below.

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated February 22, 2018 (the "Stipulation"), which is available on the settlement website, www.LeapFrogSecuritiesClassAction.com.

**Statement of the Recovery**:  Lead Plaintiff has agreed to settle all claims asserted in the Action and grant Defendants and the Released Defendant Parties a full and complete release in exchange for a cash payment of $5,500,000 (the "Settlement Amount").  The Settlement Amount and any interest earned thereon is referred to herein as the "Settlement Fund."  The "Net Settlement Fund" (the Settlement Fund less any Taxes, attorneys' fees, expert fees, Notice and Administration Expenses, litigation expenses, or other costs and expenses approved by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court (the "Plan of Allocation"), which will determine how the Net Settlement Fund will be allocated among members of the Settlement Class who become eligible to participate in the distribution of the Net Settlement Fund by submitting a timely and valid Proof of Claim and Release form ("Proof of Claim" or "Claim Form").  The proposed Plan of Allocation is included in this Notice at page __ below.

Based on the analysis performed in consultation with Lead Plaintiff's damages consulting expert, the estimated average recovery per share for a Settlement Class Member from the Settlement Fund (before the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $0.125 per share.  This amount assumes all eligible Settlement Class Members submit valid and timely Proofs of Claim.  If fewer than all members of the Settlement Class submit timely and valid Proofs of Claim, which is likely, the distributions per share will be higher.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by the number of that Settlement Class Member's eligible shares as compared to the total eligible shares of all Settlement Class Members who submit timely and valid Proofs of Claim.  *See* the Plan of Allocation beginning on page __ for details and more information.

Lead Counsel intends to seek attorneys' fees not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel intends to seek payment of its costs and expenses in connection with the prosecution of the Action in an amount not to exceed $275,000, and the Lead Plaintiff may seek an award of up to $5,600 for its time and expenses incurred in representing the Settlement Class.  Such requested attorneys' fees, costs and expenses would amount to an average of approximately $0.042 per share of LeapFrog common stock.  In addition, the distribution will be reduced by Notice and Administration Expenses.  Please note that these amounts are only estimates and are subject to approval by the Court.

The parties disagree on both liability and damages and do not agree on the average amount of damages per share of LeapFrog common stock that would be recoverable if Lead Plaintiff were to prevail in the Action, and Defendants deny liability, fault or wrongdoing.  Lead Plaintiff believes that the proposed Settlement represents a fair and reasonable recovery in light of the risks of continued litigation, and is in the best interests of the members of the Settlement Class.

**Identification of Attorneys' Representatives**:  Lead Plaintiff and the Settlement Class are represented by Lead Counsel identified in Question 16 below.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED ONLINE BY _____, 2018** | This is the only way to be eligible to get a payment from the Settlement. If you wish to participate in the Settlement, you will need to complete and submit the enclosed Proof of Claim. Settlement Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and do not submit it within the time required will be bound by the Settlement but will not participate in any distribution of the Net Settlement Fund. |

| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | You will not be bound by the results of this lawsuit, and you will not receive any payment.  This is the **only** option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims related to the issues raised in this Action. |
| --- | --- |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | If you believe the Settlement is objectionable in any respect, you may write to the Court about why you oppose the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a member of the Settlement Class. |
| **ATTEND THE SETTLEMENT HEARING ON _____, 2018, AT __ __.M., AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO LEAD COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | The hearing on whether to approve the Settlement is scheduled for _____, 2018, at __ _.m. (the "Settlement Hearing"), and is open to the public.  You do not need to attend the hearing unless you wish to speak either in support of the Settlement or in support of any objection you may have submitted, and have submitted to Lead Counsel a Notice of Intention to Appear so that it is received no later than _____, 2018.  The Court may postpone the Settlement Hearing without prior notice on the date scheduled for the hearing. |
| **DO NOTHING** | If you are a Settlement Class Member and do not submit a Proof of Claim postmarked or submitted online by _____, 2018, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, be bound by the Settlement, unless you have requested exclusion from the Settlement Class. |

These rights and options are explained in further detail later in this Notice.

**Further Information**

For further information regarding this Settlement, you may contact a representative of Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900, or Christopher F. Moriarty, Motley Rice LLC, 28 Bridgeside Blvd., Mount Pleasant, SC 29464, Telephone: 843/216-9000.

1

**TABLE OF CONTENTS**

2

Page No.

3   **1.**      **Why did I get this Notice?**     ____

4   **2.**      **What is this lawsuit about?**     ____

5   **3.**      **Why is this a class action?**     ____

6   **4.**      **Why is there a settlement?**     ____

7   **5.**      **How do I know if I am part of the Settlement?**     ____

8   **6.**      **Are there exceptions to being included?**     ____

9   **7.**      **What if I am still not sure if I am included?**     ____

10  **8.**      **What does the Settlement provide?**     ____

11  **9.**      **How much will my payment be?**     ____

12  **10.**    **How can I receive a payment?**     ____

13  **11.**    **When would I receive my payment?**     ____

14  **12.**    **What am I giving up to receive a payment or to stay
in the Settlement Class?**     ____

15

**13.**    **How do I get out of the proposed Settlement?**     ____

16

**14.**    **If I do not exclude myself, can I sue the Defendants and the
other Released Defendant Parties for the same thing later?**     ____

17

18  **15.**    **If I exclude myself, can I get money from the proposed Settlement?**     ____

19  **16.**    **Do I have a lawyer in this case?**     ____

20  **17.**    **How will the lawyers be paid?**     ____

21  **18.**    **Can I hire my own lawyer?**     ____

22  **19.**    **How do I tell the Court that I object to the proposed Settlement?**     ____

23  **20.**    **What is the difference between objecting and excluding myself?**     ____

24  **21.**    **When and where will the Court decide whether to approve the
proposed Settlement?**     ____

25

26  **22.**    **Do I have to come to the hearing?**     ____

27  **23.**    **May I speak at the hearing?**     ____

28

**24.      What happens if I do nothing at all?**                                     ___

**25.      What happens if the proposed Settlement is approved?**          ___

**26.      How do I get more information about the proposed Settlement?**   ___

**SPECIAL NOTICE TO NOMINEES**                                              ___

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**                       ___

# BASIC INFORMATION

| **1.** | **Why did I get this Notice?** |

You have received this Notice because the parties are seeking approval of a proposed Settlement on behalf of the Settlement Class in this Action, and you have been identified as a potential Settlement Class Member either from the transfer agent's record of ownership of LeapFrog common stock or by your broker or custodian if you purchased or acquired LeapFrog stock in "street name."

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2.** | **What is this lawsuit about?** |

Lead Plaintiff brought this Action as a securities class action on behalf of purchasers and acquirers of LeapFrog common stock during the period from May 5, 2014 through June 11, 2015, inclusive, against LeapFrog and its former Chief Executive Officer John Barbour and former Chief Financial Officer Raymond L. Arthur (collectively, "Defendants"), alleging that Defendants violated §10(b) of the 1934 Act and that defendants Barbour and Arthur violated §20(a) of the 1934 Act. Defendants deny these allegations.

On May 5, 2015, the Court appointed KBC as lead plaintiff, and its counsel, Motley Rice LLC and Robbins Geller Rudman & Dowd LLP were appointed lead counsel.

Lead Plaintiff filed the Corrected Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("CAC") on July 10, 2015, alleging violations of §§10(b) and 20(a) of the 1934 Act. ECF No. 52.

On July 24, 2015, each of the Defendants moved to dismiss the CAC and filed a Request for Judicial Notice. ECF Nos. 53-55. Lead Plaintiff filed its responses on August 25, 2015. ECF Nos. 56-59. The Court heard oral argument on the motion to dismiss on October 8, 2015. At the Court's direction, Lead Plaintiff filed a First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "FAC") on December 4, 2015. ECF No. 70.

Defendants moved to dismiss the FAC on January 15, 2016 (ECF Nos. 72-74), and Lead Plaintiff filed its opposition on February 12, 2016 (ECF Nos. 75-78). Defendants filed their reply on March 11, 2016 (ECF Nos. 80-81), and the Court heard oral argument on the motion on April 11, 2016. On August 2, 2016, the Court dismissed the FAC ("August 2 Order"). ECF No. 88.

Lead Plaintiff moved for leave to file a motion for reconsideration of the Court's August 2 Order with respect to Lead Plaintiff's goodwill and long-lived asset allegations. ECF No. 90. The Court denied the motion on August 31, 2016. ECF No. 93.

On September 20, 2016, Lead Plaintiff filed the Second Amended Consolidated Class Action Complaint for Violation of the Securities Laws (the "SAC"). ECF No. 97. Defendants moved to dismiss the SAC on November 4, 2016 (ECF Nos. 100-102) and Lead Plaintiff filed its opposition on December 19, 2016 (ECF Nos. 103-106). The motion was fully briefed by January 19, 2017, and on February 24, 2017, the Court issued an order granting in part and dismissing in part the motion ("February 24 Order"). ECF No. 117.

On April 6, 2017, the Court referred the case to private mediation and ordered the parties to meet and confer on a focused pre-mediation discovery plan to be submitted to the Court. ECF No. 123. The parties submitted their Joint Pre-Mediation Discovery Plan to the Court on April 27, 2017. ECF No. 127.

On July 5, 2017, Defendants moved for leave to file a motion for reconsideration of the Court's February 24 Order granting in part and denying in part their motion to dismiss the SAC. ECF No. 131. The Court denied Defendants' motion for leave to seek reconsideration by order dated August 10, 2017. ECF No. 137.

On August 30, 2017, the parties attended a full-day mediation with the Hon. James Ware (Ret.). The parties negotiated in good faith but did not reach an agreement, and litigation continued.

Lead Plaintiff filed its motion for class certification on November 7, 2017. ECF Nos. 158-160. On November 29, 2017, the parties participated in a subsequent mediation before Judge Ware. After extensive negotiations, the parties reached an agreement-in-principle to settle the case on the terms set forth herein.

Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) approximately 14,000 pages of documents produced by Defendants and third parties; and (v) the applicable law governing the claims and potential defenses. Lead Counsel also consulted with experts on damages and market efficiency issues, as well as forensic accountants.

Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the Settlement Class, including all claims in the complaints filed in the Action.

Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through class certification, discovery, summary judgment, and trial (and any possible appeals). Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. For example, the Court to date has only upheld Lead Plaintiff's allegations with respect to failing to timely take a charge for LeapFrog's long-lived assets. Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of the Settlement Class.

On _____, 2018, the Court entered an order preliminarily approving the proposed Settlement, authorizing the mailing of this Notice to potential Settlement Class Members, and scheduling the Settlement Hearing to consider whether to grant final approval of the Settlement.

**The issuance of this Notice is NOT an expression of the Court's opinion on the merits or the lack of merits of any of Lead Plaintiff's claims in the Action or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in this Action to date, including a detailed history, please see the Stipulation and other relevant pleadings which are available at www.LeapFrogSecuritiesClassAction.com. Instructions on how to learn more information are also included in Question 26 below.

| **3. Why is this a class action?** |
| --- |

In a class action, one or more persons or entities (in this case, the Lead Plaintiff) sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a class, and each is a class member. One court resolves the issues for all class members at the same time, except for those class members who exclude themselves from the class.

| **4. Why is there a settlement?** |
| --- |

Lead Plaintiff made claims against Defendants on behalf of the Settlement Class. Defendants deny that they have done anything wrong or violated any statute and admit no liability. The Court has not decided in favor of the Defendants or the Settlement Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation. Lead Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Settlement Class Members in light of the real possibility that continued litigation could result in no recovery at all.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

| **5. How do I know if I am part of the Settlement?** |
| --- |

The Court directed that everyone who fits this description is a Settlement Class Member: ***all Persons that purchased or acquired LeapFrog common stock between May 5, 2014 and June 11, 2015, inclusive***, except those Persons and entities that are excluded, as described below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS INCLUDED WITH THIS NOTICE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2018.**

| **6. Are there exceptions to being included?** |
| --- |

Excluded from the Settlement Class are (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) LeapFrog's subsidiaries; (iv) the officers and directors of LeapFrog during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class.

**7.      What if I am still not sure if I am included?**

If you are still not sure whether you are included in the Settlement, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim enclosed with this Notice, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.      What does the Settlement provide?**

A settlement has been reached in the Action between Lead Plaintiff and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed Settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.LeapFrogSecuritiesClassAction.com, for a full statement of its provisions.

The Settlement Fund consists of Five Million Five Hundred Thousand Dollars ($5,500,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Lead Plaintiff's counsel, to pay for this Notice and the processing of claims submitted by Settlement Class Members, to pay Taxes and to pay the time and expenses of Lead Plaintiff. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Settlement Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the Settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

**9.      How much will my payment be?**

Your share of the fund will depend on several things, including how many Settlement Class Members submit a timely and valid Proof of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Settlement Class Members send in, the number of shares of LeapFrog common stock you purchased or acquired during the Class Period, how much you paid for the shares, when you purchased or acquired them, and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Settlement Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims. *See* the Plan of Allocation on pages _____ for more information on your claim.

As discussed above, Lead Plaintiff's damages consulting expert has estimated that the average recovery from the Settlement per allegedly damaged share of LeapFrog common stock would be $0.125 per share, before deduction of any Court-approved fees and expenses, and approximately $0.083 per allegedly damaged share, after deduction of the attorneys' fees and litigation expenses discussed below.

**10.      How can I receive a payment?**

You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed Settlement if your claim is timely, valid, and entitled to a

distribution under the Plan of Allocation described below and if the proposed Settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim is enclosed with this Notice or it may be downloaded at www.LeapFrogSecuritiesClassAction.com.

Please read the instructions carefully, fill out the Proof of Claim, sign it, and include all the documents the form requests. For instance, you must submit supporting documents for your transactions in LeapFrog stock, such as broker confirmation slips, brokerage account statements, an authorized statement from your broker reporting your transactions, or other similar documentation. You must mail or submit the Proof of Claim to the Claims Administrator so that it is postmarked or received no later than _____, 2018. The Claim Form may be submitted online at www.LeapFrogSecuritiesClassAction.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| **11.** | **When would I receive my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____, **2018, at** ___ __.**m.**, to decide whether to approve the Settlement. If the Court approves the Settlement after that hearing, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| **12.** | **What am I giving up to receive a payment or to stay in the Settlement Class?** |
|---|---|

If you do not make a valid and timely request in writing to be excluded from the Settlement Class, you will be bound by any and all determinations or judgments in the Action in connection with the Settlement entered into or approved by the Court, whether favorable or unfavorable to the Settlement Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendant Parties, whether or not you submit a valid Proof of Claim.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

| **13.** | **How do I get out of the proposed Settlement?** |
|---|---|

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice you may request to be excluded. *If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.*

If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Settlement Class to:

> *LeapFrog Enterprises Litigation*
> Claims Administrator
> EXCLUSIONS
> c/o Gilardi & Co. LLC
> 3301 Kerner Blvd.
> San Rafael, CA  94901

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you wish to be "excluded from the Settlement Class and do not wish to participate in the settlement in *In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (N.D. Cal.)"; (3) state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of LeapFrog common stock during the period May 5, 2014 through June 11, 2015, inclusive; and (4) be signed by you or your representative.  ***YOUR EXCLUSION REQUEST MUST BE RECEIVED NO LATER THAN _____, 2018***.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.  No further opportunity to request exclusion will be given in this Action.  If you choose to be excluded from the Settlement Class, (a) you are not entitled to share in the proceeds of the Settlement described herein; (b) you are not bound by any judgment entered in the Action; and (c) you are not precluded by the Settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Action.

| **14.** | **If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
| --- | --- |

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from this Action to continue your own lawsuit.  Remember, the exclusion deadline is _____, *2018*.

| **15.** | **If I exclude myself, can I get money from the proposed Settlement?** |
| --- | --- |

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.  But, you may be able to sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties about the claims raised in this Action.

### THE LAWYERS REPRESENTING YOU

| **16.** | **Do I have a lawyer in this case?** |
| --- | --- |

The Court ordered that the law firms of Motley Rice LLC and Robbins Geller Rudman & Dowd LLP represent the Settlement Class, including you.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.** | **How will the lawyers be paid?** |
| --- | --- |

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of not more than 25% of the Settlement Amount, plus expenses not to exceed $275,000, plus interest

thereon.  Lead Plaintiff may apply for reimbursement of its time and expenses in representing the Settlement Class in an amount not to exceed $5,600.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiff and the Settlement Class, nor have counsel been paid their expenses.  The fee requested by Lead Counsel will compensate counsel for its efforts in achieving the Settlement for the benefit of the Settlement Class, and for its risk in undertaking this representation on a wholly contingent basis.  Lead Counsel believes that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Lead Plaintiff.

| **18.** | **Can I hire my own lawyer?** |
|---|---|

If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2018, and must serve copies of such appearance on the attorneys listed below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel.

| **LEAD COUNSEL** | **COUNSEL FOR DEFENDANTS** |
|---|---|
| Robbins Geller Rudman & Dowd LLP | Morrison & Foerster LLP |
| Willow E. Radcliffe | Jordan Eth |
| Post Montgomery Center | Mark R.S. Foster |
| One Montgomery Street, Suite 1800 | 425 Market Street |
| San Francisco, CA  94104 | San Francisco, CA  94105 |

Motley Rice LLC
Christopher F. Moriarty
28 Bridgeside Blvd.
Mount Pleasant, SC  29464

## OBJECTING TO THE SETTLEMENT

| **19.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

Any Settlement Class Member who objects to any aspect of the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at the Settlement Hearing.

The Court can only approve or deny the Settlement, not change its terms.  You can ask the Court to deny approval by filing an objection.

You may object to the proposed Settlement in writing.  You may also appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney you are responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (N.D. Cal.), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, or by filing them in person at

any location of the United States District Court for the Northern District of California. Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2018.**

The notice of objection must demonstrate the objecting Person's membership in the Settlement Class, including the number of shares of LeapFrog common stock purchased, otherwise acquired and sold during the Class Period and contain a statement of the reasons for objection. Only members of the Settlement Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any member of the Settlement Class who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

Even if you object, you can still submit a Proof of Claim to be eligible for a cash payment from the Settlement. However, if you do not submit a claim form, you will not receive a payment.

| **20.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or the fee and expense application. You can still recover from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

## THE COURT'S SETTLEMENT HEARING

| **21.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Settlement Hearing will be held on _____, *2018, at* ____, before the Honorable Edward M. Chen, United States District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed Settlement, as set forth in the Stipulation, consisting of Five Million Five Hundred Thousand Dollars ($5,500,000.00) in cash, should be approved as fair, reasonable, and adequate to the members of the Settlement Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses and the application of Lead Plaintiff for an award of its time and expenses should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. **The Court may adjourn the Settlement Hearing from time to time and without further notice to the Settlement Class. Settlement Class Members should check the Settlement website or the Court's PACER site (*see* Question 26 below) to confirm that the date of the Settlement Hearing has not been changed.**

| **22.** | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 23. | **May I speak at the hearing?** |

If you object to the Settlement, the Plan of Allocation, or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include in your objection (*see* Question 19 above) a statement saying that it is your "Notice of Intention to Appear in *In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (N.D. Cal.)." Persons who intend to object to the Settlement, the Plan of Allocation and/or the fee and expense application, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

| 24. | **What happens if I do nothing at all?** |

You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendant Parties.

## DISMISSALS AND RELEASES

| 25. | **What happens if the proposed Settlement is approved?** |

As a Settlement Class Member, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement and you will release the Released Defendant Parties from the Released Claims as defined below.

"Released Claims" means any and all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that Lead Plaintiff or any other member(s) of the Settlement Class asserted or could have asserted in any forum that: (i) arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part, to the allegations, transactions, facts, events, matters, occurrences, disclosures, statements, representations, or omissions referred to in the Action and that relate to the purchase, sale, or acquisition, or ownership of LeapFrog common stock by the Settlement Class during the Class Period; or (ii) are related to the administration of the Settlement. The Parties intend that the releases provided hereunder provide for claim and issue preclusion. For the avoidance of doubt, Released Claims include any claims under Sections 10(b) and 20(a) of the 1934 Act, which were or could have been alleged in the Action. Notwithstanding the foregoing, "Released Claims" does not include claims (i) relating to the enforcement of the Settlement; or (ii) which were or could be asserted on behalf of LeapFrog in any derivative action based on similar allegations.

"Released Defendant Parties" means each and all of: (i) Defendants, the members of each Individual Defendant's immediate family, any entity in which any Defendant or member of any Individual Defendant's immediate family has, or had during the Class Period, a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his family, Defendants' Counsel, and Defendants' insurers, co-insurers, and re-insurers; and (ii) for each and every Person listed in part (i), each of their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers,

managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such.

If the proposed Settlement is approved, the Court will enter a Judgment (the "Judgment"). In addition, upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Parties, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Defendant Parties except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## GETTING MORE INFORMATION

**26.     How do I get more information about the proposed Settlement?**

This Notice contains only a summary of the terms of the proposed Settlement and does not describe all of the details of the Stipulation. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.LeapFrogSecuritiesClassAction.com, by contacting Lead Counsel at (843)216-9000 or (800) 449-4900, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk on the 16th floor of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

If you have any questions about the Settlement of the Action, you may contact Lead Counsel by writing to:

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART        or
655 West Broadway, Suite 1900
San Diego, CA  92101
EllenG@rgrdlaw.com

MOTLEY RICE LLC
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
jhughes@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

## SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired LeapFrog common stock for the beneficial interest of other Persons during the Class Period shall, within seven (7) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner, and provide Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded. Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

*LeapFrog Enterprises Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Louisville, KY  40233-4041

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

The Net Settlement Fund will be distributed to Settlement Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in LeapFrog common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel has conferred with its damages expert and developed a Plan of Allocation that divides the settlement proceeds equitably among Settlement Class Members.  The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  In order to have a claim under the Plan of Allocation, shares of LeapFrog common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the corrective disclosures.  Shares purchased prior to May 5, 2014 or after June 11, 2015 have no claim under the Plan of Allocation.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The allocation below is based on the following Inflation Amounts[2] for Class Period common stock purchases and sales as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90 day-look back price of $1.16.[3]  Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

---

[2]   The Inflation Amounts which are listed in Table A are based on the May 18, 2015, June 12, 2015, and June 15, 2015 price declines in LeapFrog common stock that Lead Plaintiff alleges resulted from LeapFrog's correction of earlier false and misleading statements.  Market adjusted dollar declines of $0.11, $0.52, and $0.06 were used for the May 18, 2015 price decline, the June 12, 2015 price decline, and the June 15, 2015 price decline, respectively.  For the time period of May 5, 2014 through January 22, 2015, the combined market adjusted price declines of $0.69 (equal to the sum of the declines of $0.11, $0.52, and $0.06) were reduced by approximately 90% to $0.07 (equal to approximately 90% of the sum of $0.11, $0.52, and $0.06), or $0.01, $0.05, and $0.01, because the Court did not uphold claims related to that time period, as reflected in the Court's August 2, 2016 Order Granting Defendants' Motion to Dismiss (ECF No. 88) and its February 24, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (ECF No. 117).  As a result, the $0.69 inflation amount for the time period January 23, 2015 through May 17, 2015 listed in Table A reflects the full combined inflation amounts for the market adjusted price declines on May 18, 2015 ($0.11), June 12, 2015 ($0.52) and on June 15, 2015 ($0.06).

[3]   Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the

---

A "Claim" will be calculated as follows:

1.      For shares of LeapFrog common stock **purchased or acquired on or between May 5, 2014 through and including January 22, 2015**, the claim per share shall be as follows:

(a)      If sold prior to May 18, 2015, the claim per share is $0.00.

(b)      If sold on or after May 18, 2015, but prior to June 12, 2015, the claim per share shall be the lesser of (i) $0.01 (*see* Table A); and (ii) the difference between the purchase price and the selling price.

(c)      If sold on June 12, 2015, the claim per share shall be the lesser of (i) $0.06 (*see* Table A); and (ii) the difference between the purchase price and the selling price.

(d)      If retained at the end of June 12, 2015 and sold prior to, or, on September 11, 2015, the claim per share shall be the lesser of (i) $0.07 (*see* Table A); (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

(e)      If retained at the close of trading on September 11, 2015, or sold thereafter, the claim per share shall be the lesser of (i) $0.07 (*see* Table A); and (ii) the difference between the purchase price per share and $1.16 per share.

2.      For shares of LeapFrog common stock **purchased or acquired on or between January 23, 2015 through and including June 11, 2015**, the claim per share shall be as follows:

(a)      If sold prior to May 18, 2015, the claim per share is $0.00.

(b)      If sold on or after May 18, 2015, but prior to June 12, 2015, the claim per share shall be the lesser of (i) $0.11 (*see* Table A); and (ii) the difference between the purchase price and the selling price.

(c)      If sold on June 12, 2015, the claim per share shall be the lesser of (i) $0.63 (*see* Table A); and (ii) the difference between the purchase price and the selling price.

---

award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1).  $1.16 was the mean (average) daily closing trading price of LeapFrog common stock during the 90-day period beginning on June 15, 2015 and ending on September 11, 2015.

(d)     If retained at the end of June 12, 2015 and sold prior to, or, on September 11, 2015, the claim per share shall be the lesser of (i) $0.69 (*see* Table A); (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

(e)     If retained at the close of trading on September 11, 2015, or sold thereafter, the claim per share shall be the lesser of (i) $0.69 (*see* Table A); and (ii) the difference between the purchase price per share and $1.16 per share.

**TABLE A**
Inflation Amounts and Calculation of Claim
by Date of Purchase and Date of Sale

| Purchase Date | Date of Sale | | | |
|---|---|---|---|---|
| | 5/5/2014 through 5/17/2015 | 5/18/2015 through 6/11/2015 | 6/12/2015 | Retained Beyond 6/15/2015 |
| 5/5/2014 through 1/22/2015 | $0.00 | $0.01 | $0.06 | $0.07 |
| 1/23/2015 through 5/17/2015 | | $0.11 | $0.63 | $0.69 |
| 5/18/2015 through 6/11/2015 | | | $0.63 | $0.69 |
| Purchased on or After 6/12/2015 | | | | $0.00 |

1

2

**TABLE B**

3

LeapFrog Common Stock Closing Prices and Average Closing Prices
June 15, 2015 – September 11, 2015

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 6/15/2015 | $1.47 | $1.47 |
| 6/16/2015 | $1.39 | $1.43 |
| 6/17/2015 | $1.51 | $1.46 |
| 6/18/2015 | $1.47 | $1.46 |
| 6/19/2015 | $1.43 | $1.45 |
| 6/22/2015 | $1.44 | $1.45 |
| 6/23/2015 | $1.51 | $1.46 |
| 6/24/2015 | $1.50 | $1.47 |
| 6/25/2015 | $1.53 | $1.47 |
| 6/26/2015 | $1.48 | $1.47 |
| 6/29/2015 | $1.45 | $1.47 |
| 6/30/2015 | $1.40 | $1.47 |
| 7/1/2015 | $1.33 | $1.45 |
| 7/2/2015 | $1.42 | $1.45 |
| 7/6/2015 | $1.35 | $1.45 |
| 7/7/2015 | $1.37 | $1.44 |
| 7/8/2015 | $1.34 | $1.43 |
| 7/9/2015 | $1.33 | $1.43 |
| 7/10/2015 | $1.29 | $1.42 |
| 7/13/2015 | $1.37 | $1.42 |
| 7/14/2015 | $1.34 | $1.42 |
| 7/15/2015 | $1.35 | $1.41 |
| 7/16/2015 | $1.33 | $1.41 |
| 7/17/2015 | $1.33 | $1.41 |
| 7/20/2015 | $1.26 | $1.40 |
| 7/21/2015 | $1.24 | $1.39 |
| 7/22/2015 | $1.24 | $1.39 |
| 7/23/2015 | $1.18 | $1.38 |
| 7/24/2015 | $1.16 | $1.37 |
| 7/27/2015 | $1.17 | $1.37 |
| 7/28/2015 | $1.12 | $1.36 |
| 7/29/2015 | $1.09 | $1.35 |
| 7/30/2015 | $1.01 | $1.34 |
| 7/31/2015 | $0.94 | $1.33 |

| | | |
|---|---|---|
| 8/3/2015 | $0.97 | $1.32 |
| 8/4/2015 | $1.01 | $1.31 |
| 8/5/2015 | $0.95 | $1.30 |
| 8/6/2015 | $0.97 | $1.29 |
| 8/7/2015 | $1.00 | $1.28 |
| 8/10/2015 | $1.00 | $1.28 |
| 8/11/2015 | $0.98 | $1.27 |
| 8/12/2015 | $1.00 | $1.26 |
| 8/13/2015 | $0.95 | $1.25 |
| 8/14/2015 | $0.98 | $1.25 |
| 8/17/2015 | $0.99 | $1.24 |
| 8/18/2015 | $0.98 | $1.24 |
| 8/19/2015 | $0.95 | $1.23 |
| 8/20/2015 | $0.99 | $1.23 |
| 8/21/2015 | $0.97 | $1.22 |
| 8/24/2015 | $0.97 | $1.22 |
| 8/25/2015 | $0.93 | $1.21 |
| 8/26/2015 | $0.91 | $1.20 |
| 8/27/2015 | $0.93 | $1.20 |
| 8/28/2015 | $0.92 | $1.19 |
| 8/31/2015 | $0.95 | $1.19 |
| 9/1/2015 | $0.92 | $1.18 |
| 9/2/2015 | $0.93 | $1.18 |
| 9/3/2015 | $0.93 | $1.18 |
| 9/4/2015 | $0.92 | $1.17 |
| 9/8/2015 | $0.93 | $1.17 |
| 9/9/2015 | $0.92 | $1.16 |
| 9/10/2015 | $0.91 | $1.16 |
| 9/11/2015 | $0.90 | $1.16 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held LeapFrog common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and acquisitions, and sales for purposes of calculating a claim.  Under the FIFO method, sales of LeapFrog common stock during the Class Period will be matched, in chronological order, first against shares of LeapFrog common stock held at the beginning of the Class Period.  The remaining sales of common stock during the Class Period will then be matched, in chronological order, against shares purchased or acquired during the Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in all LeapFrog common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of shares that have been matched against the shares held at the beginning of the Class Period will not be used in the calculation of such net loss.  No distributions

1  will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

2  

3  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

4  Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of

5  the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against the Lead Plaintiff, Lead Counsel, any claims administrator, or other Person

6  designated by Lead Counsel, or any Defendant or Defendants' Counsel, based on distributions made under the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders

7  of the Court.  All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise

8  ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

9  

10  DATED: _____          BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT

11  NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
WILLOW E. RADCLIFFE (200087)
MATTHEW S. MELAMED (260272)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
willowr@rgrdlaw.com
mmelamed@rgrdlaw.com
    – and –
ELLEN GUSIKOFF STEWART (144892)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

MOTLEY RICE LLC
JAMES M. HUGHES (*pro hac vice*)
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY (*pro hac vice*)
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jhughes@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:15-cv-00347-EMC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | PROOF OF CLAIM AND RELEASE |
|     ALL ACTIONS. | ) ) ) | EXHIBIT A-2 |

1345074_2

**I.       GENERAL INSTRUCTIONS**

1.      Capitalized terms not defined in this Proof of Claim and Release form ("Proof of Claim") have the same meaning as set forth in the Notice of Proposed Settlement of Class Action ("Notice") that accompanies this Proof of Claim and the Stipulation of Settlement, dated February 22, 2018 (the "Stipulation").

2.      To be eligible to recover as a member of the Settlement Class based on your claims in the action entitled *In re LeapFrog Enterprises, Inc. Securities Litigation*, Master File No. 3:15-cv-00347-EMC (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to submit a timely and properly addressed (as set forth in paragraph 4 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

3.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.  To share in the proceeds, the Claims Administrator must determine, based on the information in your Proof of Claim, that you have a recognized loss as a result of your purchases or acquisitions of LeapFrog common stock during the Class Period.

4.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:

> *LeapFrog Enterprises Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404041
> Louisville, KY  40233-4041
> Online submissions: www.LeapFrogSecuritiesClassAction.com

If you are NOT a member of the Settlement Class (as defined in the Notice), DO NOT submit a Proof of Claim.

5.      You must submit supporting documentation for the transaction reported on this Proof of Claim, such as broker confirmation slips, brokerage account statements, an authorized statement from your broker reporting information about your transaction, or other similar documents.

1    6.    If you are a member of the Settlement Class and you do not timely request exclusion,

2  you will be bound by the terms of any judgment entered in the Action, including the releases

3  provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

4  **II.    CLAIMANT IDENTIFICATION**

5    If you purchased or otherwise acquired LeapFrog Enterprises, Inc. ("LeapFrog") common

6  stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as

7  the record purchaser or acquirer.  If, however, you purchased or acquired LeapFrog common stock

8  and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage

9  firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or

10  acquirer.

11    Use Part I of this form entitled "Claimant Identification" to identify each purchaser or

12  acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the LeapFrog

13  common stock that form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE

14  ACTUAL    BENEFICIAL    PURCHASER(S)    OR    ACQUIRER(S)    OR    THE    LEGAL

15  REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE LEAPFROG

16  COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

17    All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians,

18  conservators, and trustees must complete and sign this claim on behalf of persons represented by

19  them and their authority must accompany this claim and their titles or capacities must be stated.  The

20  Social Security (or taxpayer identification) number and telephone number of the beneficial owner

21  may be used in verifying the claim.  Failure to provide the foregoing information could delay

22  verification of your claim or result in rejection of the claim.

23  **III.    CLAIM FORM**

24    Use Part II of this form entitled "Schedule of Transactions in LeapFrog Common Stock" to

25  supply all required details of your transaction(s) in LeapFrog common stock.  If you need more

26  space or additional schedules, attach separate sheets giving all of the required information in

27  substantially the same form.  Sign and print or type your name on each additional sheet.

28

On the schedules, provide all of the requested information with respect to **all** of your purchases or acquisitions and **all** of your sales of LeapFrog common stock which took place during the period from May 5, 2014 through and including September 9, 2015, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to **all** of the LeapFrog common stock you held at the close of trading on May 4, 2014, June 11, 2015, and September 9, 2015. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of LeapFrog common stock. The date of a "short sale" is deemed to be the date of sale of LeapFrog common stock.

Broker confirmations or brokerage statements reflecting your purchases or other documentation of your transactions in LeapFrog stock during the Class Period (such as a Schedule D from your federal income tax return) should be attached to your Proof of Claim. If you purchased LeapFrog stock through a broker, you should be able to obtain duplicate copies of confirmation or brokerage statements from that broker. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate the amount of your claim. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the Proof of Claim upon the production of additional information that it may, in its discretion, require to process the claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim whether or not

1 │ they also submit electronic copies.  If you wish to file your claim electronically, you must contact the

2 │ Claims Administrator at edata@gilardi.com to obtain the required file layout.  No electronic files

3 │ will be considered to have been properly submitted unless the Claims Administrator issues to the

4 │ claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re LeapFrog Enterprises, Inc. Securities Litigation*

Master File No. 3:15-cv-00347-EMC

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:**

**_____, 2018**

Please Type or Print

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                       State or Province

_____        _____

Zip Code or Postal Code                        Country

_____     _____     Individual

Social Security Number or        _____     Corporation/Other
Taxpayer Identification Number

_____   _____

Area Code                  Telephone Number (work)

_____   _____

Area Code                  Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:        SCHEDULE OF TRANSACTIONS IN LEAPFROG COMMON STOCK

A.    Number of shares of LeapFrog common stock held at the close of trading on May 4, 2014: _____

B.    Purchases or acquisitions of LeapFrog common stock (May 5, 2014 – September 9, 2015, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**  (i)  If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

(ii)    If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

MM/ DD/ YYYY       Merger Shares:                            Company:

___/ ___/ _____    _____        _____

C.    Sales of LeapFrog common stock (May 5, 2014 – September 9, 2015, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of LeapFrog common stock held at the close of trading on June 11, 2015: _____

E.    Number of shares of LeapFrog common stock held at the close of trading on September 9, 2015: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

1    **YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN**

2    **THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF**

3    **YOUR CLAIM.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other LeapFrog securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of LeapFrog common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.   RELEASE**

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties.

2.   "Released Claims" means any and all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, that Lead Plaintiff or any other member(s) of the Settlement Class asserted or could have asserted in any forum that: (i) arise out of, are based upon, or are related in any way directly or indirectly, in whole or in part, to the allegations, transactions, facts, events, matters, occurrences, disclosures, statements, representations, or omissions referred to in the Action and that relate to the purchase, sale, acquisition, or ownership of LeapFrog common stock by the Settlement Class during the Class Period; or (ii) are related to the administration of the Settlement.  The Parties intend that the releases provided hereunder provide for claim and issue preclusion.  For the avoidance of doubt, Released Claims include any claims under Sections 10(b) and 20(a) of the 1934 Act, which were or could have been alleged in the Action.  Notwithstanding the foregoing,

1   "Released Claims" does not include claims (i) relating to the enforcement of the Settlement; or (ii)

2   which were or could be asserted on behalf of LeapFrog in any derivative action based on similar

3   allegations.

4   3.      "Released Defendant Parties" means each and all of: (i) Defendants, the members of

5   each Individual Defendant's immediate family, any entity in which any Defendant or member of any

6   Individual Defendant's immediate family has, or had during the Class Period, a controlling interest

7   (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is

8   for the benefit of any Individual Defendant and/or members of his family, Defendants' Counsel, and

9   Defendants' insurers, co-insurers, and re-insurers; and (ii) for each and every Person listed in part (i),

10  each of their respective past, present, and future heirs, executors, administrators, predecessors,

11  successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers,

12  commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic

13  partners, financial advisors, general or limited partners, general or limited partnerships, insurers,

14  investment advisors, investment bankers, investment banks, joint ventures and joint venturers,

15  managers, managing directors, marital communities, members, officers, parents, personal or legal

16  representatives, principals, reinsurers, selling shareholders, shareholders, spouses, subsidiaries

17  (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective

18  capacities as such.

19  4.      "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any

20  other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time

21  of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that

22  any Defendant does not know or suspect to exist in his or its favor, which if known by him or it,

23  might have affected his or its decision to enter into this Settlement, execute this Stipulation, and

24  agree to all the various releases set forth herein, or might have affected his or its decision not to

25  object to this Settlement or not exclude himself or itself from the Settlement Class.  Unknown

26  Claims include, without limitation, those claims in which some or all of the facts composing the

27  claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released

28  Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the

Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

5.      Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.      I (We) acknowledge that I (we) have read the Notice of Proposed Settlement of Class Action and that pursuant thereto I (we) file this claim to participate in the Settlement.

7.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.     I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in LeapFrog common stock which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such shares held by me (us) on the dates requested in this claim form.

9.     I (We) hereby warrant and represent that I am (we are) authorized to execute and deliver this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____ in _____,
                                              (Month/Year)                        (City)
_____.
          (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

1

2

3
**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:**

4
*LeapFrog Enterprises Litigation*

5
Claims Administrator

c/o Gilardi & Co. LLC

6
P.O. Box 404041

Louisville, KY  40233-4041

7
www.LeapFrogSecuritiesClassAction.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   WILLOW E. RADCLIFFE (200087)
3  MATTHEW S. MELAMED (260272)
   Post Montgomery Center
4  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
5  Telephone:  415/288-4545
   415/288-4534 (fax)
6  shawnw@rgrdlaw.com
   willowr@rgrdlaw.com
7  mmelamed@rgrdlaw.com
        – and –
8  ELLEN GUSIKOFF STEWART (144892)      MOTLEY RICE LLC
   655 West Broadway, Suite 1900         JAMES M. HUGHES (*pro hac vice*)
9  San Diego, CA  92101-8498             WILLIAM S. NORTON
   Telephone:  619/231-1058              CHRISTOPHER F. MORIARTY (*pro hac vice*)
10 619/231-7423 (fax)                    28 Bridgeside Blvd.
   elleng@rgrdlaw.com                    Mount Pleasant, SC  29464
11                                       Telephone:  843/216-9000
                                         843/216-9450 (fax)
12                                       jhughes@motleyrice.com
                                         bnorton@motleyrice.com
13                                       cmoriarty@motleyrice.com

14 Co-Lead Counsel for Plaintiffs

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17 In re LEAPFROG ENTERPRISES, INC.   )   Master File No. 3:15-cv-00347-EMC
   SECURITIES LITIGATION              )
18 _____)   CLASS ACTION
                                      )
19 This Document Relates To:          )   SUMMARY NOTICE
                                      )
20     ALL ACTIONS.                   )   EXHIBIT A-3
                                      )
21 _____)

22

23

24

25

26

27

28

1343431_2

1  TO:      ALL PERSONS THAT PURCHASED OR ACQUIRED LEAPFROG ENTERPRISES, INC.
            ("LEAPFROG") COMMON STOCK DURING THE PERIOD FROM MAY 5, 2014
2           THROUGH JUNE 11, 2015, INCLUSIVE (THE "CLASS PERIOD")

3          You may be entitled to receive money from a class action settlement.  The average recovery

4  in the Settlement per allegedly damaged share is estimated to be approximately $0.125 per share,

5  before the deduction of any Court-approved fees and expenses, and approximately $0.083 per

6  allegedly damaged share, after the deduction of the attorneys' fees and expenses.

7          YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

8  for the Northern District of California, that a hearing will be held on _____, 2018, at _____,

9  before the Honorable Edward M. Chen, United States District Judge, at the United States District

10 Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California,

11 for the purpose of determining: (1) whether the proposed Settlement as set forth in the Stipulation of

12 Settlement, dated February 22, 2018 (the "Stipulation"), of the above-captioned litigation ("Action")

13 for $5,500,000.00 in cash should be approved by the Court as fair, reasonable, and adequate;

14 (2) whether a Judgment should be entered by the Court dismissing the Action with prejudice;

15 (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and

16 (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and the

17 application by Lead Plaintiff for reimbursement of its time and expenses should be approved.

18         IF YOU PURCHASED OR ACQUIRED LEAPFROG COMMON STOCK BETWEEN

19 MAY 5, 2014 AND JUNE 11, 2015, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY

20 THE SETTLEMENT OF THIS ACTION.  If you have not received a detailed Notice of Proposed

21 Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form ("Proof of

22 Claim"), you may obtain copies by writing to *LeapFrog Enterprises Litigation*, Claims

23 Administrator, c/o Gilardi & Co. LLC, P.O. Box 404041, Louisville, KY 40233-4041, or on the

24 internet at www.LeapFrogSecuritiesClassAction.com.

25         If you are a Settlement Class Member, in order to share in the distribution of the Net

26 Settlement Fund, you must submit a Proof of Claim by mail ***postmarked no later than _____,***

27 ***2018,*** or submitted electronically ***no later than _____, 2018***, establishing that you are entitled

28 to recovery.  Your failure to submit your Proof of Claim by _____, 2018, will subject your

claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action.  If you are a member of the Settlement Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than _____, 2018***.  All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by the Settlement entered in the Action even if they do not submit a timely Proof of Claim.

Any objection to the Settlement, the Plan of Allocation, or the fee and expense application must be submitted to the Court in accordance with the instructions set forth in the Notice ***no later than _____, 2018***.  If you object, but also want to be eligible for a payment from the Settlement, you must still submit a Proof of Claim or you will not receive a payment from the Settlement.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the Settlement, you may contact Lead Counsel at the following addresses:

ROBBINS GELLER RUDMAN         MOTLEY RICE LLC
& DOWD LLP                     CHRISTOPHER F. MORIARTY
ELLEN GUSIKOFF STEWART    or  28 Bridgeside Blvd.
655 West Broadway, Suite 1900  Mount Pleasant, SC  29464
San Diego, CA  92101

DATED: _____      BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:15-cv-00347-EMC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | [PROPOSED] FINAL ORDER AND JUDGMENT |
| ALL ACTIONS. | ) ) | EXHIBIT B |
| | ) | |

1   WHEREAS:

2   A.   On _____, 2018, Lead Plaintiff KBC Asset Management NV ("Lead Plaintiff" or

3   "KBC") on behalf of itself and the Settlement Class (defined below), on the one hand, and LeapFrog

4   Enterprises, Inc. ("LeapFrog" or the "Company"), John Barbour and Raymond L. Arthur (the

5   "Individual Defendants," and with LeapFrog, the "Defendants"), on the other hand, entered into a

6   Stipulation of Settlement (the "Stipulation") in the Action;

7   B.   Pursuant to the Order Granting Preliminary Approval of Class Action Settlement,

8   Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of

9   Settlement, entered _____, 2018 (the "Preliminary Approval Order"), the Court scheduled a

10   hearing for _____, at ___ _.m. (the "Settlement Hearing") to, among other things:  (i)

11   determine whether the proposed Settlement of the Action on the terms and conditions provided for in

12   the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii)

13   determine whether a judgment as provided for in the Stipulation should be entered;

14   C.   The Court ordered that the Notice of Proposed Settlement of Class Action (the

15   "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms

16   attached to the Preliminary Approval Order as Exhibits A-1 and A-2, respectively, be mailed by

17   first-class mail, postage prepaid, on or before fifteen (15) business days after the date of entry of the

18   Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could

19   be identified through reasonable effort, and that a Summary Notice, substantially in the form

20   attached to the Preliminary Approval Order as Exhibit A-3, be published in *The Wall Street Journal*

21   and transmitted over the *Business Wire* within fourteen (14) calendar days of the Notice Date;

22   D.   The Notice and the Summary Notice advised potential Settlement Class Members of

23   the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any

24   objections to the Settlement were required to be filed with the Court such that they were postmarked

25   and filed by _____, 2018;

26   E.   The provisions of the Preliminary Approval Order as to notice were complied with;

27   F.   On _____, 2018, Lead Plaintiff moved for final approval of the Settlement,

28   as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this

1 Court on _____, 2018, at which time all interested Persons were afforded the opportunity to be

2 heard; and

3         G.     This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations,

4 memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and

5 arguments presented with respect to the proposed Settlement;

6         NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

7 DECREED that:

8         1.     This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the

9 Court on February 22, 2018; and (ii) the Notice, which was filed with the Court on _____,

10 2018.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the

11 Stipulation.

12         2.     This Court has jurisdiction over the subject matter of the Action and over all parties to

13 the Action, including all Settlement Class Members.

14         3.     The Court hereby affirms its determinations in the Preliminary Approval Order and

15 finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the

16 Federal Rules of Civil Procedure, the Settlement Class of:  all Persons that purchased or acquired

17 LeapFrog common stock between May 5, 2014 and June 11, 2015, inclusive (the "Class Period").

18 Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of

19 the Individual Defendants; (iii) LeapFrog's subsidiaries; (iv) the officers and directors of LeapFrog

20 during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the

21 legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also

22 excluded from the Settlement Class are those Persons who have timely and validly sought exclusion

23 from the Settlement Class.

24         4.     Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court

25 hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead

26 Plaintiff as Class Representative for the Settlement Class; and finally appoints the law firms of

27 Motley Rice LLC and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement

28 Class.

5.      The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").   No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.   A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.   The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.   Thus, it is hereby determined that all members of the Settlement Class are bound by this Final Order and Judgment, except those Persons identified in Exhibit A hereto.

6.      In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate.   This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendants, all of whom had a firm understanding of the factual and legal issues in dispute.

7.      The Action is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.      Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, regardless of whether each ever seeks or obtains by any means any distribution from the Net Settlement Fund, on behalf of themselves and each of their respective spouses, heirs, executors, beneficiaries, trustees, administrators, predecessors, successors, and assigns, and any Person(s) claiming now or in the future to be acting on behalf of any of them directly or indirectly: (i) shall be deemed by the Settlement to have, and by operation of law and of this Judgment to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, and shall have covenanted not to sue any Released Defendant Parties with respect to any Released Claims; and (ii) shall forever be barred, restrained, and enjoined from commencing, instituting, asserting, prosecuting, maintaining, or otherwise pursuing either directly or in any other capacity, any and all of the Released Claims (including Unknown Claims) against any and all of the Released Defendant Parties in the Action or in any other action or proceeding in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

10.     Upon the Effective Date, the Released Defendant Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties.

11.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any deficiency of any defense that has been or could have been asserted in the Action, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil,

1   criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

2   effectuate the provisions of the Stipulation;

3            (d)    do not constitute, and shall not be construed against any of the Defendants,

4   Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the

5   consideration to be given hereunder represents the amount that could be or would have been

6   recovered after trial;  and

7            (e)    do not constitute, and shall not be construed as or received in evidence as an

8   admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement

9   Class that any of his, her, or its claims are without merit or infirm or that damages recoverable under

10   the SAC would not have exceeded the Settlement Amount.

11       13.    Notwithstanding the foregoing Paragraph 12, the Parties may file or refer to this

12   Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Proof of Claim:

13   (a) to effectuate the liability protections granted hereunder or thereunder, including, without

14   limitation, to support a defense or counterclaim based on principles of res judicata, collateral

15   estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion

16   or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under

17   applicable law; or (c) to enforce any applicable insurance policies and any agreements.

18       14.    The administration of the Settlement, and the decision of all disputed questions of law

19   and fact with respect to the validity of any claim or right of any Person to participate in the

20   distribution of the Net Settlement Fund, shall remain under the authority of this Court.

21       15.    In the event that the Settlement does not become effective in accordance with the

22   terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by

23   and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and

24   releases delivered in connection herewith shall be null and void to the extent provided by and in

25   accordance with the Stipulation.

26       16.    Without further order of the Court, the Parties may agree to reasonable extensions of

27   time to carry out any of the provisions of the Stipulation.

28

1       17.    The Parties are hereby directed to consummate the Stipulation and to perform its

2  terms.

3       18.    A separate order shall be entered regarding Lead Counsel's motion for an award of

4  attorneys' fees and payment of expenses.  A separate order shall be entered regarding the Plan of

5  Allocation set forth in the Notice.  Such orders shall in no way disturb or affect this Judgment and

6  shall be considered separate from this Judgment.

7       19.    Without affecting the finality of this Judgment in any way, this Court hereby retains

8  continuing jurisdiction over:  (i) implementation of the Settlement; (ii) the allowance, disallowance,

9  or adjustment of any Settlement Class Member's claim on equitable grounds and any award or

10  distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and

11  determining applications for attorneys' fees, costs, interest, and payment of expenses in the Action;

12  (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this

13  Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for

14  delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly

15  directed.

16       20.    The Court's orders entered during this Action relating to the confidentiality of

17  information shall survive the Settlement.

18  DATED: _____, 2018    _____

19                                  HONORABLE EDWARD M. CHEN

20                                  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28