1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 3:15-cv-00347-EMC<br><br>CLASS ACTION |
| This Document Relates To: | ) ) | [PROPOSED] FINAL ORDER AND JUDGMENT |
|     ALL ACTIONS. | ) ) | |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1467806_1

WHEREAS:

A.    On February 22, 2018, Lead Plaintiff KBC Asset Management NV ("Lead Plaintiff" or "KBC") on behalf of itself and the Settlement Class (defined below), on the one hand, and LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company"), John Barbour and Raymond L. Arthur (the "Individual Defendants," and with LeapFrog, the "Defendants"), on the other hand, entered into a Stipulation of Settlement (the "Stipulation") in the Action;

B.    The Court scheduled a hearing for October 25, 2018, at 1:30 p.m. (the "Settlement Hearing") to, among other things:  (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

C.    The Court ordered that the Notice of Proposed Settlement of Class Action (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Amended Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered March 20, 2018 (the "Preliminary Approval Order"), as Exhibits A-1 and A-2, respectively, be mailed by first-class mail, postage prepaid, on or before fifteen (15) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be published in *The Wall Street Journal* and transmitted over the *Business Wire* within fourteen (14) calendar days of the Notice Date;

D.    The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing and the Settlement website was updated with the rescheduled hearing date.  The Notice further advised that any objections to the Settlement were required to be filed with the Court such that they were received and filed by August 8, 2018;

E.    The provisions of the Preliminary Approval Order as to notice were complied with;

1      F.      On July 25, 2018, Lead Plaintiff moved for final approval of the Settlement, as set

2 forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on

3 October 25, 2018, at which time all interested Persons were afforded the opportunity to be heard;

4 and

5      G.      This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations,

6 memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and

7 arguments presented with respect to the proposed Settlement;

8      NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

9 DECREED that:

10      1.      This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the

11 Court on February 23, 2018; and (ii) the Notice, which was filed with the Court on March 20, 2018.

12 Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

13      2.      This Court has jurisdiction over the subject matter of the Action and over all parties to

14 the Action, including all Settlement Class Members.

15      3.      The Court hereby affirms its determinations in the Preliminary Approval Order and

16 finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the

17 Federal Rules of Civil Procedure, the Settlement Class of:  all Persons that purchased or acquired

18 LeapFrog common stock between May 5, 2014 and June 11, 2015, inclusive (the "Class Period").

19 Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of

20 the Individual Defendants; (iii) LeapFrog's subsidiaries; (iv) the officers and directors of LeapFrog

21 during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the

22 legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also

23 excluded from the Settlement Class are those Persons who have timely and validly sought exclusion

24 from the Settlement Class.

25      4.      Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court

26 hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead

27 Plaintiff as Class Representative for the Settlement Class; and finally appoints the law firms of

28

1  Motley Rice LLC and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement

2  Class.

3       5.     The Court finds that the mailing and publication of the Notice, Summary Notice, and

4  Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice

5  practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise

6  Settlement Class Members of the effect of the Settlement, of the Plan of Allocation, of Lead

7  Counsel's request for an award of attorney's fees and payment of litigation expenses, including an

8  award to Lead Plaintiff for the time it spent litigating the Action, incurred in connection with the

9  prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the

10  Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due,

11  adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement;

12  and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the

13  United States Constitution (including the Due Process Clause), and Section 27 of the Securities

14  Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation

15  Reform Act of 1995 (the "PSLRA").  No Settlement Class Member is relieved from the terms of the

16  Settlement, including the releases provided for therein, based upon the contention or proof that such

17  Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been

18  offered to the Settlement Class Members to object to the proposed Settlement and to participate in

19  the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness

20  Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus,

21  it is hereby determined that all members of the Settlement Class are bound by this Final Order and

22  Judgment, except those Persons identified in Exhibit A hereto.

23       6.     In light of the benefits to the Settlement Class, the complexity, expense and possible

24  duration of further litigation against Defendants, the risks of establishing liability and damages, and

25  the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set

26  forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable

27  and adequate.  This Court further finds the Settlement set forth in the Stipulation is the result of

28  arm's-length negotiations between experienced counsel representing the interests of the Settlement

1   Class and Defendants, all of whom had a firm understanding of the factual and legal issues in

2   dispute.

3          7.        The Action is dismissed in its entirety, with prejudice, and without costs to any Party,

4   except as otherwise provided in the Stipulation.

5          8.        The Court finds that during the course of the Action, the Parties and their respective

6   counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil

7   Procedure.

8          9.        Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class

9   Member, regardless of whether each ever seeks or obtains by any means any distribution from the

10  Net Settlement Fund, on behalf of themselves and each of their respective spouses, heirs, executors,

11  beneficiaries, trustees, administrators, predecessors, successors, and assigns, and any Person(s)

12  claiming now or in the future to be acting on behalf of any of them directly or indirectly:  (i) shall be

13  deemed by the Settlement to have, and by operation of law and of this Judgment to have fully,

14  finally, and forever waived, released, relinquished, discharged, and dismissed each and all of the

15  Released Claims (including Unknown Claims) against each and all of the Released Defendant

16  Parties, and shall have covenanted not to sue any Released Defendant Parties with respect to any

17  Released Claims; and (ii) shall forever be barred, restrained, and enjoined from commencing,

18  instituting, asserting, prosecuting, maintaining, or otherwise pursuing either directly or in any other

19  capacity, any and all of the Released Claims (including Unknown Claims) against any and all of the

20  Released Defendant Parties in the Action or in any other action or proceeding in any state, federal, or

21  foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

22         10.       Upon the Effective Date, the Released Defendant Parties, on behalf of themselves and

23  each of their respective heirs, executors, trustees, administrators, predecessors, successors, and

24  assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and

25  dismissed each and every one of the Released Defendants' Claims against each and every one of the

26  Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting,

27  prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of

28  the Releasing Plaintiff Parties.

1    11.    Each Settlement Class Member, whether or not such Settlement Class Member

2  executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the

3  release of claims as set forth in the Stipulation.

4    12.    This Judgment and the Stipulation, whether or not consummated, and any discussion,

5  negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter

6  arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall

7  not be offered or received against or to the prejudice of the Parties or their respective counsel, for

8  any purpose other than in an action to enforce the terms hereof, and in particular:

9    (a)    do not constitute, and shall not be offered or received against or to the

10  prejudice of the Released Defendant Parties as evidence of, or construed as, or deemed to be

11  evidence of any presumption, concession, or admission by the Released Defendant Parties with

12  respect to the truth of any allegation by Lead Plaintiff or the Settlement Class, or the validity of any

13  claim that has been or could have been asserted in the Action or in any litigation, including but not

14  limited to the Released Claims, or of any deficiency of any defense that has been or could have been

15  asserted in the Action, or of any liability, damages, negligence, fault or wrongdoing of the Released

16  Defendant Parties or any person or entity whatsoever;

17    (b)    do not constitute, and shall not be offered or received against or to the

18  prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any

19  fault, misrepresentation, or omission with respect to any statement or written document approved or

20  made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the

21  Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of

22  the Settlement Class;

23    (c)    do not constitute, and shall not be offered or received against or to the

24  prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their

25  respective counsel, as evidence of, or construed as evidence of, any presumption, concession, or

26  admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in

27  any way referred to for any other reason against or to the prejudice of any of Defendants, Lead

28  Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil,

1   criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

2   effectuate the provisions of the Stipulation;

3         (d)    do not constitute, and shall not be construed against any of the Defendants,

4   Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the

5   consideration to be given hereunder represents the amount that could be or would have been

6   recovered after trial;  and

7         (e)    do not constitute, and shall not be construed as or received in evidence as an

8   admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement

9   Class that any of his, her, or its claims are without merit or infirm or that damages recoverable under

10   the SAC would not have exceeded the Settlement Amount.

11       13.    Notwithstanding the foregoing Paragraph 12, the Parties may file or refer to this

12   Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Proof of Claim:

13   (a) to effectuate the liability protections granted hereunder or thereunder, including, without

14   limitation, to support a defense or counterclaim based on principles of res judicata, collateral

15   estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion

16   or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under

17   applicable law; or (c) to enforce any applicable insurance policies and any agreements.

18       14.    The administration of the Settlement, and the decision of all disputed questions of law

19   and fact with respect to the validity of any claim or right of any Person to participate in the

20   distribution of the Net Settlement Fund, shall remain under the authority of this Court.

21       15.    In the event that the Settlement does not become effective in accordance with the

22   terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by

23   and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and

24   releases delivered in connection herewith shall be null and void to the extent provided by and in

25   accordance with the Stipulation.

26       16.    Without further order of the Court, the Parties may agree to reasonable extensions of

27   time to carry out any of the provisions of the Stipulation.

28

17.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.     A separate order shall be entered regarding Lead Counsel's motion for an award of attorneys' fees and payment of expenses.  A separate order shall be entered regarding the Plan of Allocation set forth in the Notice.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

20.     The Court's orders entered during this Action relating to the confidentiality of information shall survive the Settlement.

DATED: ___October 26, 2018_____



_____
HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED

Judge Edward M. Chen

# EXHIBIT A





AUG 0 1 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: LeapFrog Enterprises, Inc

Case Code:  LFR

Exclusion Deadline: August 8, 2018 (Received Date)

Name of Person Filing Exclusion: Urinda G Hernandez

## Michael Jacoby
_____

| | |
|---|---|
| **From:** | Urinda Hernandez ▮▮▮▮▮▮▮▮▮▮▮ |
| **Sent:** | Wednesday, August 01, 2018 1:08 AM |
| **To:** | LeapFrog Enterprises Litigation Claims Administrator |
| **Subject:** | I want to be excluded from this settlement |

I would like to exclude myself from the Settlement Class and do not wish to participate in the settlement in re LeapFrog Enterprises, Inc. Securities Litigation, Master File No. 3:15-cv-00347-EMC (N.D. Cal).
My name is:  Urinda G. Hernandez

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Cell:     ▮▮▮▮▮▮▮▮

I had only one share which I bought through One Share several years ago. I am not sure of its value...perhaps $14.00.  It wasn't very much.

Thank you for your consideration.

Sincerely,
Urinda G. Hernandez

Sent from my iPad

1